**Thelma BOWEN**

v.

**DEPARTMENT OF HUMAN SERVICES
and Dolores Bartley.**

Supreme Judicial Court of Maine.

Argued Jan. 22, 1992.
Decided April 17, 1992.

Martha S. Temple (orally), Peggy Gilbert, Gilbert & Heitmann, Bangor, for plaintiff.

Meris J. Bickford (orally), Asst. Atty. Gen., Dept. of Human Services, Augusta, Steven J. Mogul (orally), Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J.*, and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

COLLINS, Justice.

Thelma Bowen appeals from a summary judgment entered in the Superior Court (Hancock County, *Kravchuk, J.*) in favor of the Department of Human Services (DHS) and Dolores Bartley in Bowen's action for sexual discrimination, retaliatory discharge, and several related tort claims. We affirm.

The facts as developed for purposes of this summary judgment ruling may be summarized as follows when viewed in a light most favorable to the plaintiff. In July 1987, Bowen interviewed with Bartley for a position with the DHS. Bartley was supervisor for the Child Protection Services Unit in Ellsworth. Several women and two men worked at the office. Bartley told Bowen the job was stressful and some problems existed in the office. Bowen expressed a continuing interest in the position and eventually was hired, initially for a six month probationary period.

On her second day at the office, a meeting was held. Both men and women were

---

* McKusick, C.J. sat at oral argument and participated in the initial conference, but retired before this opinion was adopted.

in attendance. At that meeting, Bartley used vulgar and offensive language and told Bowen that such language was commonly used in the office and if she did not like it, she could leave. No further offensive language was used at the meeting and Bowen did not say anything.

During Bowen's first week, while on a DHS staff retreat, Bowen heard Bartley use offensive language in front of an audience of men and women. After returning from the retreat, Bowen noticed that offensive language was used frequently in the office. Bowen heard a social worker refer to a child in DHS's custody in an extremely vulgar manner. Bowen heard the offensive language used by both men and women and did not believe its use was directed at one group or another.

A few weeks later, Bartley told Bowen she would be given a derogatory nickname until her probationary period expired. Bowen objected and Bartley did not call her that again, explaining it was a joke and that was what a probationary employee in another office was being called.

In mid-August, Bartley scheduled a stress relief meeting at the home of a DHS employee. At the meeting, which was largely conducted around a swimming pool, one of the male employees told a sexually explicit joke. During the day, as part of a running joke, several employees jokingly interspersed coarse sexual references into their conversation. After lunch, Bartley, once again using offensive language, told Bowen, who was fully clothed, that she should be wearing a bathing suit. Bowen then asked for, and was given permission to leave.

A week later, Bowen submitted her written resignation to Bartley, effective immediately. She later reconsidered and tried to withdraw her resignation and to seek a transfer. Bartley refused to allow her to withdraw her resignation.

Bowen filed a complaint with the Maine Human Rights Commission which led to an investigation of her allegations. Contrary to the report of the investigator concluding that no violation of the Human Rights Act had taken place, the Commission, by a one vote margin, found reasonable grounds to believe sexual harassment had occurred. Without any further support or action by the Commission, Bowen commenced an action against DHS and Bartley. On June 7, 1991, the court granted defendants' motions for summary judgment and this appeal followed.

■ Bowen contends that genuine issues of material fact exist as to whether she was the victim of sexual discrimination. Sexual discrimination is prohibited federally under 42 U.S.C. § 2000e–2(a)(1) (1981), and in the State of Maine under 5 M.R.S.A. § 4572(1)(A) (Supp.1991). While actions at the state level must be brought under 5 M.R.S.A. § 4572, the use of federal precedent as an aid in interpreting Maine's anti-discrimination provisions is appropriate. *Plourde v. Scott Paper Co.*, 552 A.2d 1257, 1261–1262 (Me.1989). Especially is that so when, as is in this instance, we are dealing with a case of first impression.

■ Bowen argues that the discrimination against her took the form of sexual harassment. She does not claim that she was subjected to sexual advances, requests for sexual favors, or inappropriate sexual conduct as a condition of maintaining or improving the terms of her employment. Rather, she alleges that she was subjected to unwelcome verbal conduct of a sexual nature that would not have occurred but for her sex. Further, she claims that such sexual harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. These allegations, if supported by facts in the record, would be sufficient to prove a claim of "hostile environment" sexual harassment. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65–67, 106 S.Ct. 2399, 2404–2505, 91 L.Ed.2d 49 (1986). Fatal to Bowen's claim, however, is her inability to generate any genuine issue of material fact on whether the offensive conduct would not have occurred but for her sex.

The constant use of vulgar language in the workplace is without question offensive and unprofessional conduct. Nonetheless,

the record does not support Bowen's assertion that the vulgar language was used in her presence or directed at her because she was a woman. It was directed at, and used by members of both sexes. A reasonable male could also find the behavior offensive.

There is nothing in the record that suggests that when Bartley gave Bowen the offensive nickname it was because Bowen was a woman; rather it would appear that it was because she was a new employee. Bartley did not call her that again after Bowen asked her not to. When Bartley criticized Bowen for not wearing a bathing suit to the stress relief session it was not because she was a woman, but rather because her attire was not compatible with the occasion. There is nothing in the record that supports Bowen's contention that when Bartley referred to Bowen's predecessor in a vulgar fashion it was because she was woman. This conduct was not sexual in nature and Bowen failed to generate any factual issue that would support an inference that it would not have occurred but for her gender. *See Hall v. Gus Construction Co., Inc.*, 842 F.2d 1010 at 1014 (8th Cir.1988).

The only complained of verbal conduct that occurred in a sexually suggestive or offensive context were the jokes made by several employees, male and female, around the pool during the stress relief session. In order for conduct to create a "hostile work environment" it must be so severe and pervasive that it alters the conditions of employment and creates an abusive working environment. *Meritor*, 477 U.S. at 67, 106 S.Ct. at 2405. The court correctly concluded that Bowen failed to raise a genuine issue of material fact as to the creation of a hostile work environment and that the defendants were entitled to summary judgment as a matter of law.

## II

■ Bowen brought a related action under 42 U.S.C. § 1983. 42 U.S.C. § 1983

does not create any substantive federal rights. *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir.1987). In order to bring an action under § 1983 a plaintiff must prove that a federally protected right has been violated. *Maine v. Thiboutot*, 448 U.S. 1, 4–8, 100 S.Ct. 2502, 2504–2505, 65 L.Ed.2d 555 (1980). Therefore, because the court was correct in finding no sexual discrimination occurred, and Bowen does not allege the violation of any federally protected right other than the right to a workplace free of sexual discrimination, the court did not err in granting defendants' summary judgment on Bowen's § 1983 claim.

## III

■ Bowen argues that Bartley's refusal to allow her to withdraw her resignation was unlawful retaliation for her complaints of sex discrimination. In order to establish a prima facie case of retaliatory discharge pursuant to Title VII[1], Bowen must show that (1) she engaged in a protected activity, (2) her employer thereafter subjected her to adverse employment action, and (3) a causal link existed between the two events. *Cohen v. Fred Meyer Inc.*, 686 F.2d 793, 796 (9th Cir.1982). Bowen must present sufficient evidence to raise an inference that her protected activity was the likely reason for the adverse action and must show that her employer was aware she was engaged in the protected activity. *Id.*

■ A protected activity is broadly defined as "conduct by [Bowen] that is in opposition to an unlawful employment practice of the defendant." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1136 (5th Cir. Unit A 1981), *cert. denied* 455 U.S. 1000, 102 S.Ct. 1630, 71 L.Ed.2d 866 (1982). Bowen must only show that she had a reasonable belief that the conduct complained of amounted to an unlawful employment practice prohibited by Title VII and need not prevail on the underlying claim. *Id.* at 1137. Therefore,

---

1. Section 704(a), Title VII of the Civil Rights Act of 1964 provides in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed

any practice made an unlawful employment practice under this subchapter ... or because [the employee] has made a charge under this subchapter." 42 U.S.C. § 2000e–3(a).

even though we find no sexual discrimination occurred, that conclusion does not preclude a finding of retaliatory discharge.

■ The record before the court did put in genuine issue Bowen's claim that Bartley's refusal to allow her to withdraw her resignation was influenced by the complaints Bowen voiced in her letter of resignation. Nothing in that record, however, lends any support for the inference that she reasonably believed that the treatment she received from Bartley and her other coworkers was occasioned by her gender and was therefore an unlawful employment practice. In other words, Bowen has failed to raise any genuine issue on a fact essential to her recovery. The court did not err in granting both defendants summary judgment on Bowen's charge of retaliatory discharge.

### IV

■ Bowen argues that the court erred in finding that Bartley enjoys immunity under 14 M.R.S.A. § 8111(1)(C) and granting her summary judgment on Bowen's tort claims. 14 M.R.S.A. § 8111(1)(C) (Supp.1991) provides, in pertinent part:

> Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for ... [p]erforming or failing to perform any discretionary function or duty, whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is valid; .... The absolute immunity provided by [this paragraph] shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee....

Bowen charges that Bartley was negligent in her supervision of the Ellsworth DHS office. Bartley is a government employee and as such is generally immune from suits arising out of the negligent performance of a discretionary duty. *See Polley v. Atwell*, 581 A.2d 410 (Me.1990). Bartley's supervision of the office falls within the scope of her discretionary duties. The court did not err in ruling that Bartley enjoys immunity with regard to Bowen's charge of negligent supervision.

■ Bowen contends that the statute does not provide immunity for intentional torts and therefore the court erred in granting Bartley summary judgment on Bowen's complaint for intentional infliction of emotional distress. Bowen maintains that the vulgar language, sexual harassment, and hostile work environment were intended to intimidate her and caused her great emotional distress. Bowen argues that this conduct clearly exceeded the scope of Bartley's discretionary duties and therefore section 8111 does not protect her.

Section 8111 does offer government employees protection from intentional tort claims as long as their conduct is not so egregious that "it exceeds as a matter of law, the scope of any discretion [they] could have possessed in [their] official capacity...." *Polley*, 581 A.2d at 414. Bartley allowed the people working under her to relieve stress by using coarse language. Whatever one may feel about the relaxing effects of foul language, the court correctly concluded that Bowen did not generate any issue as to whether Bartley's allowing its use exceeded the scope of her discretion.

The entry is:

Judgment affirmed.

All concurring.