James W. WIEHOFF, Appellant/Cross–Appellee,

v.

GTE DIRECTORIES CORP.; GTE Directories Sales Corp.; GTE Directories Service Corporation, doing business as GTE Sun Community Directories, Appellees/Cross–Appellants.

Nos. 94–1844, 94–1979.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1994.

Decided July 25, 1995.

Suggestion for Rehearing En Banc Denied Sept. 7, 1995.

Order Denying Rehearing by Panel Sept. 28, 1995.

Joseph Walter Hammell, Minneapolis, MN, argued (Catherine R. Landman and Paul J. Robbenolt, on the brief), for appellant.

John W. Polley, Minneapolis, MN, argued (Patricia K. Oakes, on the brief), for appellees.

Before BEAM, Circuit Judge, CAMPBELL * and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

The principal issue in this case is whether establishing a willful violation of the Age Discrimination in Employment Act necessarily establishes a basic, non-willful violation of the Act. James W. Wiehoff appeals from the district court's judgment dismissing his age discrimination claim because the evidence showed a willful violation of the ADEA, which was barred by the statute of limitations. Wiehoff argues that proof of a willful violation necessarily includes proof of a basic violation, and, thus, the court erred in dismissing his ADEA claim. He also argues the court erred in: (1) refusing to toll the statute of limitations for the time the Minnesota Department of Human Rights attempted to conciliate his claims; and (2) ruling on the admissibility of evidence. We affirm in part, reverse in part, and remand for trial.

In 1981, Wiehoff began working as a sales representative for Sun Community Directories, selling advertising space in community yellow page directories. In 1987, GTE Directories Corporation purchased Sun. In January 1988, GTE hired a new manager who reassigned accounts and territories and restructured performance standards. Shortly thereafter, Wiehoff received a warning letter outlining his production and organizational problems. Problems remained. Wiehoff was placed on probation, then demoted to telephone sales. GTE also placed him on probation in that department and, in August 1988, fired Wiehoff, then aged sixty-two.

On December 8, 1988, Wiehoff filed a charge of age discrimination and retaliation with the Minnesota Department of Human Rights. The Department cross-filed the charge with the Equal Employment Opportunity Commission, and the EEOC informed the parties that the Department would process the charge pursuant to a worksharing agreement between the two agencies. On June 29, 1989, the Department notified Wiehoff that probable cause existed that GTE had committed an unfair discriminatory practice. The Department asked GTE and Wiehoff to participate in conciliation to try to informally eliminate the discriminatory practice. The parties unsuccessfully attempted to conciliate, and on December 7, 1989, Wiehoff received a letter from the Department notifying him that conciliation efforts were unsuccessful.[1]

Congress amended the Age Discrimination Claims Assistance Act in 1990. This statute restored some claims under the ADEA which were lost due to delays in investigations conducted by the EEOC or state agencies.[2] On December 7, 1990, the EEOC sent a letter to Wiehoff advising him that, because of the ADCAA, he "may now have extended time to sue under the ADEA so long as your lawsuit is filed by January 26, 1992." In an accompanying Fact Sheet, the EEOC explained the ADCAA requirements and cautioned that "[a]llegations of willful violations should be filed within the three year limitations period where such period has not yet expired even though the ADCAA notice may indicate a later filing date is possible."

In a June 21, 1991, letter, the EEOC informed Wiehoff that it terminated processing of his age discrimination charge. The letter stated that an employee must sue within two years of the date of discrimination, extended to three years in cases of willful violations. According to the letter, the EEOC understood that Wiehoff alleged a basic violation which lapsed on August 26, 1990, but that the EEOC previously had informed Wiehoff that the ADCAA extended his time to sue until January 26, 1992.

On November 8, 1991, Wiehoff sued GTE asserting claims of age discrimination and retaliation under the Minnesota Human Rights Act, Minn.Stat. §§ 363.01–15 (1994),

---

* THE HONORABLE LEVIN H. CAMPBELL, United States Senior Circuit Judge for the First Circuit Court of Appeals, sitting by designation.

1. The Department informed the parties that it was forwarding the charge to the Minnesota Attorney General for litigation. The Attorney General never filed suit.

2. Congress passed the Age Discrimination Claims Assistance Act in 1988. Pub.L. No. 100–283, 102 Stat. 78 (1988). In 1990, Congress amended the Act. Pub.L. No. 101–504, 104 Stat. 1298 (1990).

and the Age Discrimination in Employment Act. GTE moved for partial summary judgment, arguing that the statute of limitations barred Wiehoff's age and retaliation claims. The district court granted GTE's motion in part. *Wiehoff v. GTE Directories Corp.*, 851 F.Supp. 1312 (D.Minn.1993). The court held that the applicable statutes of limitations were two years for basic violations of the ADEA, and three years for willful violations. *Id.* at 1316. The court held that Wiehoff's claims of a willful and basic violation of the ADEA would ordinarily be time-barred, but that the ADCAA extended the statute of limitations for the basic violation. *Id.* at 1317–18. The court entered partial summary judgment for GTE on Wiehoff's willful violation, and the case went to trial.

After a two-week jury trial, GTE moved for judgment as a matter of law on all of Wiehoff's claims. The court granted GTE's motion on Wiehoff's reprisal claim, but denied it on Wiehoff's discrimination claim. Following three days of deliberations, the jury declared that it was deadlocked, and the court declared a mistrial.

The Minnesota Human Rights Act requires the judge to determine violations of the state statute, Minn.Stat. § 363.14, subd. 2, and so, Wiehoff asked the court to decide his state-law claims.[3] GTE concurred in the request, and renewed its motion for judgment as a matter of law on Wiehoff's remaining age discrimination claims arguing that: (1) Wiehoff's evidence only supported a willful violation barred by the statute of limitations; and (2) insufficient evidence existed to allow a jury to find age discrimination. The court granted GTE's motion in part, ruling that Wiehoff's evidence, if believed, showed only a willful violation of the ADEA, and thus, Wiehoff's age claim was time barred. *Wiehoff v. GTE Directories Corp.*, 851 F.Supp. 1322, 1328 (D.Minn.1993). The court did not decide whether Wiehoff presented sufficient evidence to allow a reasonable jury to conclude that age was a determining factor in GTE's decisions to demote and fire

Wiehoff. *Id.* at 1328, n. 11. After further briefing by the parties, the court dismissed Wiehoff's state law age claim. *Wiehoff v. GTE Directories Corp.*, 851 F.Supp. 1329 (D.Minn.1994). Considering the evidence from trial, the court determined that although Wiehoff established a prima facie case of age discrimination, he failed to meet his burden of proving that age played a part in GTE's transferring and firing decisions and so, did not establish a violation of the Minnesota Act. *Id.* at 1343.

Wiehoff appeals, arguing the district court erred in: (1) granting judgment as a matter of law on Wiehoff's ADEA and retaliation claims; and (2) ruling that Wiehoff's willful ADEA claim was time barred. He also challenges several of the district court's evidentiary rulings. GTE cross-appeals, arguing the district court erred in concluding that Wiehoff established a prima facie case of age discrimination.

## I.

Wiehoff argues the district court erred in granting judgment as a matter of law on his ADEA claim. He contends that the district court incorrectly reasoned that a jury could only find that GTE "willfully" violated the ADEA, and that such a violation of the ADEA was time barred.

We review a judgment entered as a matter of law de novo, using the same standard as the district court. *Paul v. Farmland Indus., Inc.*, 37 F.3d 1274, 1275–76 (8th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1360, 131 L.Ed.2d 217 (1995). We consider the evidence and its reasonable inferences in the light most favorable to Wiehoff. *Id.* To the extent this appeal involves the application of Minnesota law, we review the district court's interpretation of state law de novo, giving it no deference. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1220, 113 L.Ed.2d 190 (1991).

Section 626(e) of the ADEA incorporates the limitations period set forth in Section 255(a) of the Portal-to-Portal Pay Act. 29 U.S.C. § 626(e)(1) (1988); 29 U.S.C. § 255(a) (1988).[4] In general, an employee must file

---

3. The district court submitted the state law claims to the jury in an advisory capacity.

4. The 1991 Amendments to the ADEA deleted the reference to the statute of limitations set forth in

suit within two years after receiving notice of adverse discriminatory action. 29 U.S.C. § 255(a); *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 288 (8th Cir.1988) (cause of action accrues when plaintiff has notice of employer's termination decision). If a cause of action arises from a willful violation of the ADEA, however, the employee has three years to file suit. 29 U.S.C. § 255(a). Wiehoff concedes his cause of action accrued on August 22, 1988, when GTE notified him of his termination. Thus, ordinarily, Wiehoff would have had until August 22, 1990, to file his claim for a basic violation, and until August 22, 1991, to file his claim for a willful violation.

The Age Discrimination Claims Assistance Act, as amended, however, grants a 450–day extension to file suit if the following conditions are met: (1) the employee filed a timely charge with the EEOC after April 6, 1985; (2) the EEOC did not eliminate the unlawful practice by conciliation or notify the claimant in writing of the disposition of the charge and of the right to bring a civil suit before the applicable statute of limitations expired; (3) the applicable statute of limitations ran after April 6, 1988, but before May 2, 1991; and (4) neither the EEOC nor the claimant brought a civil action before the running of the statute of limitations. ADCAA § 3, Pub.L. No. 100–283, 102 Stat. 78 (1988), as amended by Pub.L. No. 101–504, 104 Stat. 1298 (1990).[5]

Wiehoff argues that he met these conditions with the two-year statute of limitations for a basic violation. He concedes that if the court applies the three-year statute of limitations for willful violations, then the third condition of the Act "arguably would not be met." Similarly, GTE agrees that the Act would revive Wiehoff's basic violation, but did not because Wiehoff did not plead or prove a basic violation.

Thus, the question before us is whether the district court erred in dismissing Wiehoff's age claim because the evidence showed only a time-barred, willful violation of the Act. This boils down to whether a willful violation of the ADEA is distinct from a basic violation or whether proof of a willful violation necessarily includes proof of a basic violation. Wiehoff asserts that willful and basic violations are not mutually exclusive and, thus, proof of a willful violation necessarily includes proof of a basic violation. GTE, on the other hand, characterizes willful and nonwillful violations as distinct and mutually exclusive. GTE successfully persuaded the district court of its characterization.

the Portal-to-Portal Pay Act, and adopted the provision of Title VII requiring that plaintiff bring suit within 90 days of receiving notice of dismissal of the administrative charge or termination of administrative proceedings before the EEOC. Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071 (codified as amended at 29 U.S.C. § 626 (1988 & Supp. III 1991)).

5. Section 3 of the Assistance Act is codified at 29 U.S.C. Section 626 (1988 & Supp. III 1991), and provides:

(a) Extension—Notwithstanding section 7(e) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626(e)), a civil action may be brought under section 7 of such Act [this section] by the Commission or an aggrieved person, during the applicable extension period if—
(1)(A) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after December 31, 1983,
(B) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after April 6, 1985.
(2) the Commission did not, within the applicable period set forth in section 7(e)
(A) eliminate such alleged unlawful practice by informal methods of conciliation, conference, and persuasion, or
(B) notify such person, in writing, of the disposition of such charge and of the right of such person to bring a civil action on such claim,
(3)(A) with respect to a claim described in paragraph (1)(A) the statute of limitations applicable under such section 7(e) ran before the date of the enactment of this Act [Apr. 7, 1988], or
(B) with respect to a claim described in paragraph (1)(B) the statute of limitations applicable under such 7(e) runs after April 6, 1988, but before the expiration of the 180–day period beginning on the date of the enactment of the Age Discrimination Claims Assistance Amendments of 1990 [Nov. 3, 1990].
(4) a civil action on such claim was not brought by the Commission or such person before the running of the statute of limitations.

## A.

Although the ADEA does not distinguish willful and non-willful violations, it has been said to be a "two-tiered-liability scheme." *Hazen Paper Co. v. Biggins*, —— U.S. ——, ——, 113 S.Ct. 1701, 1709, 123 L.Ed.2d 338 (1993); *see Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125–28, 105 S.Ct. 613, 623–25, 83 L.Ed.2d 523 (1985). An employee is entitled to liquidated damages "'only in cases of willful violations.'" *Id.* (quoting 29 U.S.C. § 626(b)). The double recovery is punitive, intended to deter willful conduct. *Id.* at 125–26, 105 S.Ct. at 623–24.

■ The Supreme Court has defined a willful violation of the ADEA as one in which the employer "'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Hazen Paper Co.*, —— U.S. at ——, 113 S.Ct. at 1708 (quoting *Thurston*, 469 U.S. at 126, 105 S.Ct. at 624). In *Hazen Paper*, the Supreme Court explained that once an employee proves willfulness, the employee need not additionally provide direct evidence of motivation, outrageous conduct by the employer, or proof that age was the predominant rather than a determinative factor in the employment decision. *Id.* at ——, 113 S.Ct. at 1710; *Glover v. McDonnell Douglas Corp.*, 12 F.3d 845 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 1647, 128 L.Ed.2d 366 (1994). A violation is not willful if the employer simply knows of the potential applicability of the ADEA. *Hazen Paper Co.*, —— U.S. at —— ——, 113 S.Ct. at 1708–09; *Thurston*, 469 U.S. at 127–28, 105 S.Ct. at 624–25; *Brown v. Stites Concrete, Inc.*, 994 F.2d 553, 558 (8th Cir.1993) (en banc). "[I]t is a willful violation of the law as opposed to voluntary conduct in general that is required." *Brown*, 994 F.2d at 560. Although we did not consider whether a basic violation is included within a willful violation in *Brown*, we acknowledged that "the question is not whether the evidence used to establish willfulness is different from and additional to the evidence used to establish a violation of the ADEA, but whether the evidence ... satisfies the distinct standard used for establishing willfulness." *Id.*

The district court based its conclusion that Wiehoff showed a willful violation of the ADEA on the testimony of Kathy Buffington, Wiehoff's supervisor, as well as Wiehoff's allegations of discrimination. Buffington decided to demote Wiehoff to telephone sales, and eventually to fire him. Buffington understood that age discrimination violated federal law. Although the district court acknowledged that a violation is not willful if the employer simply knows of the potential applicability of the ADEA; *see Thurston*, 469 U.S. at 127–28, 105 S.Ct. at 624–25, it concluded that if the jury credited Wiehoff's theory, that is, that GTE targeted Wiehoff because of his age and set him up for failure under the new management system, the jury could only conclude that GTE acted with reckless disregard for the illegality of its conduct.

■ We reject the district court's view that a violation of the ADEA can be willful, without also being a basic violation of the ADEA. The ADEA defines a single violation, and does not distinguish a violation of the Act as either willful or basic. *See* 29 U.S.C. § 623(a)(1) (1988). The statute provides that a person who has been the subject of "*a violation* of this chapter," is entitled to backpay in the form of "unpaid minimum wages or unpaid overtime compensation." 29 U.S.C. 626(b) (1988) (emphasis added). The statute authorizes adding liquidated damages to the backpay award when the employer willfully violates the statute. *Id.* The plain language of the ADEA demonstrates that all cases in which an employer unlawfully discriminates on the basis of age, regardless of the egregiousness of the employer's conduct, are violations of the ADEA. The Supreme Court has also made clear that the willfulness requirement permits liquidated damages for some, but not all, ADEA violations. *Hazen Paper Co.*, —— U.S. at ——, 113 S.Ct. at 1709; *Thurston*, 469 U.S. at 127–28, 105 S.Ct. at 624–25. This makes abundantly clear that a basic violation of the ADEA is not separate and distinct from a willful violation. The difference between a willful and basic violation is in the state of mind and in the remedy, not in the conduct. A specific finding of willfulness simply adds another element of relief—liquidated damages—to the backpay award. Willful violations of the ADEA begin with a basic violation of the Act, but possess the additional showing of willful-

ness. A basic violation and a willful violation are not separate categories of claims and are not mutually exclusive.

The district court's approach in this case transposes the traditional analytic framework for ADEA claims. The district court essentially refused to address Wiehoff's claim of a basic violation until Wiehoff had first affirmatively disproved a willful violation. That is, the district court required Wiehoff to disprove that GTE knew that or had reckless disregard for whether its conduct violated the ADEA. *Thurston*, 469 U.S. at 128–29, 105 S.Ct. at 625. This approach reverses the usual approach of first deciding whether the employee has established a basic violation of the ADEA and, then, deciding whether the employer has willfully violated the ADEA. *See, e.g., Hazen Paper Co.*, —— U.S. at —— ——, 113 S.Ct. at 1706–08. A claim for liquidated damages in an ADEA case is analogous to a claim for punitive damages in a tort action. *See Thurston*, 469 U.S. at 125, 105 S.Ct. at 623 (liquidated damages are "punitive in nature"); *Zabielski v. Montgomery Ward & Co.*, 919 F.2d 1276, 1280–81 (7th Cir.1990) (ADEA case is like a tort case in which plaintiff does not request punitive damages). Implicit in a request for punitive damages is the requirement that a plaintiff first prove his underlying cause of action. The plaintiff's inability to prove entitlement to punitive damages in a tort action does not mean he cannot pursue his underlying cause of action. Similarly, in an ADEA case, an employee can pursue his basic violation even if he is unable to recover liquidated damages.

Even though the Seventh Circuit indicated that willful and "normal" violations are distinct violations of the ADEA, a proposition we reject, it allowed an employee whose willful claim was barred by the statute of limitations to proceed with his ADEA suit. *Zabielski*, 919 F.2d at 1280–81. The court explained:

> Topsy turvey through this be, the Assistance Acts make it desirable for plaintiffs to fail to show wilfulness—to make the period of limitations shorter. Counsel for the plaintiff and counsel for the employer reverse their usual roles.... The upshot is that cases come out *as if* the "applicable" period were two years. Knowing that success in establishing an employer's wilful

discrimination will lead to victory for the employer, the employee will not even try to show wilfulness.

*Id.* at 1280. The court allowed the employee to continue his suit because the employee could simply avoid proving willfulness. *Id.* at 1281. The court cautioned that the employer could not "buy itself immunity by stipulating that it acted wilfully," explaining "[t]he statutes are not so easily subverted." *Id.* Likewise, the district court's approach here is inconsistent with the purposes underlying the ADEA and ADCAA because it rewards a more blameworthy employer.

Moreover, GTE cannot rely on Buffington's awareness of the ADEA to establish willfulness as a matter of law. In *Thurston*, the Supreme Court rejected the employee's argument that an employer willfully violated the ADEA because the employer knew the ADEA was "in the picture." 469 U.S. at 127–28, 105 S.Ct. at 624–25. Application of the "in the picture" standard would eliminate the distinction between basic violations, resulting "in an award of double damages in almost every case." *Id.* at 128, 105 S.Ct. at 625.

■ As we stated, a finding of willfulness requires a determination that GTE knew that or had reckless disregard for whether its conduct violated the ADEA. *Thurston*, 469 U.S. at 128–29, 105 S.Ct. at 625; *Glover*, 12 F.3d at 848–49; *Brown*, 994 F.2d at 560. The district court's conclusion that GTE could only have willfully violated the ADEA required it to reject critical GTE testimony. The head of the human resources department testified that GTE had a policy prohibiting age discrimination, and that GTE employed a "well-trained human-resources staff" to ensure that employment decisions were free from age-bias. The human resources manager for Wiehoff's region, who was involved in Wiehoff's firing, specifically testified that GTE "absolutely ... followed" EEOC policy when it fired Wiehoff. Other GTE witnesses echoed GTE's understanding of and compliance with federal law. In this case, the district court only credited the fact that discrimination occurred. This does not resolve the further factual issue of whether GTE discriminated with knowledge or reckless disregard for Wiehoff's rights under the

ADEA.[6] *See Nelson v. Boatmen's Banc-shares, Inc.,* 26 F.3d 796, 803 (8th Cir.1994). Establishing a willful violation necessarily establishes a basic violation, and thus, Wiehoff's basic violation of the ADEA is viable. Therefore, the district court erred in dismissing Wiehoff's basic, non-willful ADEA claim.

### B.

GTE also argues that even if Wiehoff's basic violation is viable, the district court's ruling on Wiehoff's Minnesota age claim estops relitigation of the federal age claim. The district court ruled that Wiehoff failed to prove that GTE discriminated against him on the basis of age, and so, dismissed his state law claim.

Wiehoff responds that GTE's argument ignores *Lytle v. Household Manufacturing, Inc.,* 494 U.S. 545, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990). In *Lytle,* an employee sued his employer under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, alleging discriminatory discharge and retaliation. *Id.* at 548, 110 S.Ct. at 1334. The employee was entitled to a jury trial under the section 1981 claims, but not the Title VII claims. *Id.* at 549, n. 1, 110 S.Ct. at 1335, n. 1. After dismissing the section 1981 claims, the court held a bench trial on the Title VII claims and entered judgment for the employer. *Id.* at 549, 110 S.Ct. at 1335.

On appeal, the Fourth Circuit ruled that the district court erred in dismissing the section 1981 claims. *Id.* at 549, 110 S.Ct. at 1335. The court refused to remand the claims, however, because the two causes of action had identical elements. *Id.* The court concluded that the findings on the Title VII claims collaterally estopped the employee from litigating his section 1981 claims. *Id.*

■ The Supreme Court reversed, holding that the court erred by applying collateral estoppel. *Id.* at 551–54, 110 S.Ct. at 1336–37. Collateral estoppel cannot be used to deny a plaintiff his right to a jury trial when the trial court erroneously dismisses the jury claims. *Id.* at 552, 110 S.Ct. at 1336. The

Court rejected the employer's argument of entitlement to a directed verdict on the section 1981 claims. *Id.* at 554, 110 S.Ct. at 1337. The Court distinguished a dismissal under Rule 41(b) and a directed verdict[7] under Rule 50(a). *Id.* The dismissal allows the court " 'as trier of the facts' to determine the facts and the law." *Id.* at 554, 110 S.Ct. at 1337 (quoting Fed.R.Civ.P. 41(b) (1990)). *See also Anderson v. City of Bessemer City,* 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985) (finding of intentional discrimination is a factual finding subject to clearly erroneous standard). "In contrast, in considering a motion for directed verdict, the court does not weigh the evidence, but draws all factual inferences in favor of the nonmoving party." *Lytle,* 494 U.S. at 554, 110 S.Ct. at 1337 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)). The Court explained: "although. a court might, after reviewing the evidence, decide in favor of the party moving for a dismissal, ... that court might not take the same case away from the jury because it might believe that the jury could *reasonably* find for the non-moving party." *Id.* at 555, 110 S.Ct. at 1338; *but cf. Williams v. Valentec Kisco, Inc.,* 964 F.2d 723, 730–31 (8th Cir.) (applying collateral estoppel to *jury* finding that employee was not discharged because of his race), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). "As we have long recognized, a jury and a judge can draw different conclusions from the same evidence." *Lytle,* 494 U.S. at 555, 110 S.Ct. at 1338. *See also St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, —— – ——, 113 S.Ct. 2742, 2748–49, 125 L.Ed.2d 407 (1993) (discussing when discrimination may be decided as a matter of law).

■ These principles apply here. The district court's finding that Wiehoff did not prove age discrimination under the Minnesota Act does not resolve whether Wiehoff presented sufficient evidence to allow a reasonable jury to conclude that GTE intentionally discriminated against Wiehoff because of his age. *See Nelson,* 26 F.3d at 800–01.

---

6. We need not decide whether sufficient evidence existed to support the district court's finding of willfulness.

7. A directed verdict is now called a motion for judgment as a matter of law. Fed.R.Civ.P. 50(a).

Although the district court declined to rule on GTE's motion that Wiehoff failed to prove a submissible case of age discrimination under the ADEA, the district court's decision that Wiehoff's evidence at trial established, if anything, a willful violation of the ADEA necessarily decides the question. Moreover, that the district court initially submitted Wiehoff's age claim to the jury and the jury could not reach a verdict supports our conclusion that Wiehoff is entitled to a new trial on his ADEA claim. Because the evidence may well differ at Wiehoff's second trial, we need not discuss in detail Wiehoff's allegations of evidentiary errors in this appeal.[8]

■ GTE also asserts that Wiehoff waived his right to a jury trial by asking the court to rule on his Minnesota Human Rights Act claim. GTE contends that even if the district court erred in deciding the Minnesota claim, Wiehoff may not complain of the error on appeal under the doctrine of invited error.

Wiehoff did not waive his right to a jury trial. First, Wiehoff's request to the court is specific, asking only for a determination of his Minnesota claims. Second, we are not saying that the district court erred in deciding the Minnesota claim, only that the court's determination of Wiehoff's Minnesota claim does not collaterally estop Wiehoff's ADEA claim.[9]

We reverse the district court's judgment dismissing Wiehoff's ADEA claim, and remand to the district court for a new trial.

## II.

■ Wiehoff argues that his willful violations are not time-barred. First, Wiehoff argues that the applicable statute of limitations should be two years, regardless of whether he asserts a willful or basic violation. Wiehoff argues that GTE's "hypertechnical interpretation" is inconsistent with the ADEA and ADCAA, which do not intend basic claims to expire before willful claims. *See Wilson*, 838 F.2d at 289–90 (rejecting interpretation of Fed.R.Civ.P. 15(c)).

Wiehoff contends that at least three federal courts have concluded that the "applicable" statute of limitations referred to in section 3 of the ADCAA is the two-year statute, regardless of whether the claim is for a willful or basic violation, or both.

We are unpersuaded by Wiehoff's authorities. Contrary to Wiehoff's argument, the Third Circuit in *Harter v. GAF Corp.*, 967 F.2d 846 (3d Cir.1992), did not conclude that the two-year statute applied regardless of whether an employee alleged a willful or basic violation. The court did not address the applicability of a three-year statute of limitations to willful claims because the employee timely filed that claim. *Id.* at 851. The Seventh Circuit also rejected the reasoning of the two district court decisions relied on by Wiehoff. *Zabielski*, 919 F.2d at 1280. We reject Wiehoff's argument that his willful violation of the ADEA is not time-barred because it is subject to the two-year statute of limitations.

■ Wiehoff next argues that even if the ADCAA does not revive Wiehoff's willful violation, his claim is timely because 29 U.S.C. § 626(e)(2) (1988) tolled the statute of limitations during conciliation by the Department.[10] Alternatively, Wiehoff contends that

---

8. Wiehoff has raised a number of claims of error of an evidentiary nature. As the case is to be retried, we must presume that the evidence will be presented in a somewhat different manner. Without doubt, the exclusion of evidence for failure to make timely disclosure is not likely to recur. We have frequently approved the use of statistical evidence in age discrimination cases, holding that such "background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103–05 (8th Cir.1988); *see also Phillip v. ANR Freight Systems, Inc.*, 945 F.2d 1054, 1056 (8th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 81, 121 L.Ed.2d 45 (1992). We have also held that an employer's change of explanation for firing an

employee might be evidence of pretext. *Estes*, 856 F.2d at 1101. On the basis of a differing record, we can only presume that the district court will carefully consider these issues in light of the objections raised by Wiehoff in his brief, and the pronouncements of this court indicating a liberality in admitting such evidence.

9. Wiehoff does not appeal the dismissal of his age discrimination claim under the Minnesota Act. Accordingly, we do not decide whether the district court erred in concluding that Wiehoff failed to establish age discrimination under the Minnesota Act.

10. The Minnesota Department attempted to conciliate Wiehoff's charges for approximately six months.

this court has the inherent equitable power to toll Wiehoff's claims during the conciliation period.

The district court held that conciliation did not toll the statute of limitations. *Wiehoff*, 851 F.Supp. at 1321. The court reasoned that the ADEA is silent as to whether conciliation by a state agency can toll the statute of limitations, and neither the ADEA nor the worksharing agreement between the state and federal agencies indicated that the Department acted for the EEOC. *Id.* The court also distinguished actions brought by the EEOC and those brought by private parties, concluding that the tolling provision only applied to suits brought by the EEOC. *Id.*

29 U.S.C. Section 626(e)(2) requires tolling of the statute of limitations "for the period during which the Equal Employment Opportunity Commission is attempting ... conciliation." 29 U.S.C. § 626(e)(2) (1988).[11]

We are convinced that the Minnesota Department's efforts to conciliate tolled the statute of limitations under 29 U.S.C. § 626(e)(2) (1988).[12] First, contrary to the district court's position, the tolling provision of 29 U.S.C. § 626(e)(2) is not limited to litigation brought by the EEOC. Further, the EEOC amended its regulations effective September 14, 1989, providing that "[T]he tolling period pursuant to [section 626(e)(2) ] is applicable to both Commission and private party litigation." 54 Fed.Reg. 33,503 (1989) (amending 29 C.F.R. 1626.15(b)). The agency articulated a detailed and reasoned analysis for this interpretation. The Commission's interpretation is entitled to deference. *See*

*Chevron USA Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

Second, we reject the district court's view that the tolling provision only applies when the EEOC, not a state agency, is attempting conciliation. Although 29 U.S.C. § 626(e)(2) only refers to the EEOC, the regulations make clear that the term "Commission" is not limited to the EEOC, defining "Commission" as including "any of its designated representatives." 29 C.F.R. § 1626.3 (1994). The Minnesota Department was the EEOC's designated representative for the purpose of receiving a charge. The Minnesota Department undertook the responsibility to conciliate Wiehoff's claims.[13] The purpose of the tolling provision—encouraging voluntary settlements—is the same, irrespective of whether the EEOC or the state agency undertakes the conciliation efforts. Thus, when the state agency undertakes conciliation efforts on behalf of the EEOC, the tolling provision applies.

The district court erred in concluding that the Minnesota Department's conciliation efforts did not toll the statute of limitations, and in ruling that Wiehoff's claim asserting a willful violation of the ADEA is barred by the statute of limitations.

### III.

■ Wiehoff also argues that the district court erred in granting GTE judgment as a matter of law on Wiehoff's retaliation claims under the ADEA and the Minnesota Human Rights Act. To present a prima facie case of retaliation under these Acts, Wiehoff must show that he participated in a protected activity, that an adverse employment action was taken against him, and that a causal

11. Congress subsequently eliminated this provision when it made the ADEA's limitations period consistent with the limitations period for Title VII claims. *See* Civil Rights Act of 1991, Pub.L. No. 102–166, § 115, 105 Stat. 1071, 1079 (1991).

12. Although this court recently applied equitable tolling based on a letter from the Minnesota Department discussing the EEOC and Department filing requirements, *Anderson v. Unisys Corp.,* 47 F.3d 302, 306–07 (8th Cir.1995), we are persuaded that equitable tolling is not warranted here. The December 7, 1990, letter to Wiehoff from the EEOC cautioned that "[w]hile ADCAA may permit a lawsuit to be filed as late as Janu-

ary 26, 1992, prompt action is advisable." Other correspondence from the EEOC explained, "it is important that suit be filed within two years from the date of the alleged discrimination." Thus, neither the state agency's conciliation efforts nor the EEOC correspondence justify a tolling of the statute of limitations. *See Anderson*, 47 F.3d at 306 & n. 11; *accord Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995) (rejecting equitable tolling argument).

13. Indeed, the EEOC informed Wiehoff that the Minnesota Department would process his charge, and that the EEOC would review the state agency's action but did not plan to handle the charge.

connection existed between the two events. *Wentz v. Maryland Casualty Co.*, 869 F.2d 1153, 1154–55 (8th Cir.1989); *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 444 (Minn.1983). Protected activity "includes opposing ongoing discriminatory treatment." *Wentz*, 869 F.2d at 1155. The employee need not show that the retaliatory motive was the sole reason for the employment action, but "merely a contributing factor." *Keys v. Lutheran Family and Children's Servs.*, 668 F.2d 356, 359 (8th Cir.1981) (citation and internal quotation marks omitted).

Wiehoff's evidence of retaliation consists of his testimony that he complained about mistreatment to Buffington on August 15, 1988, the day before Buffington decided to fire him. He contends that this supports a claim of retaliation, citing *Couty v. Dole*, 886 F.2d 147, 148 (8th Cir.1989).

Wiehoff failed to establish a prima facie case of retaliation. The evidence shows only two things: (1) that Wiehoff wrote a note to himself on August 15, 1988, stating that he was told he should not have handled an account outside of his territory; and (2) that, on August 25, Wiehoff asked Buffington about "charge-backs" against his commissions. This evidence has no relevance to his July demotion to telephone sales and, with respect to his firing, shows only that Wiehoff complained about charge-backs, not age discrimination. Wiehoff does not direct us to any evidence showing that he complained about mistreatment due to his age. *See Couty*, 886 F.2d at 148 (employer aware that employee engaged in protected activity); *Wentz*, 869 F.2d at 1154–55 (requiring evidence that employee was fired for opposing discriminatory treatment reasonably believed to be based on age). Accordingly, the district court did not err in ordering judgment for GTE on Wiehoff's retaliation claims.

## IV.

GTE cross-appeals, arguing that the district court erred in concluding that Wiehoff established a prima facie case of age discrimination. The district court's determination is not a final judgment, and is not appropriate for appellate review. *See* 28 U.S.C. § 1291; *see also United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1480–81, 75 L.Ed.2d 403 (1983).

## V.

We reverse the district court's judgment that Wiehoff's claim asserting a violation of the ADEA is time-barred and remand Wiehoff's ADEA claim for a new trial. We affirm the district court's judgment dismissing Wiehoff's retaliation claims under the ADEA and the Minnesota Human Rights Act. We dismiss GTE's cross-appeal.

## ORDER

Sept. 28, 1995

The motion for rehearing by the panel is denied.

The amicus brief submitted by EEOC was inadvertently forwarded to the panel before argument of this case, and the panel was not notified of the entry of the order striking the brief. It must be observed that the particular objection in the petition for rehearing directed to 29 C.F.R. § 1621.15(b) is fully answered by the fact that this regulation appears between citations to four other sections in 29 C.F.R. referred to by the parties in their briefs, all appearing in 29 C.F.R. pages 372 to 375. The amendment to 29 C.F.R. § 1621.15(b) had an effective date of September 14, 1989. Conciliation by the Minnesota Department concluded with a notice sent to Wiehoff dated December 7, 1989.

The court of its own motion deletes footnote 4 on page 5 of its opinion and amends the second paragraph on page 18 as follows:

[Editor's Note: Amendments incorporated for purpose of publication.]

We have carefully considered the argument in the petition for rehearing that the panel improperly relied on 29 C.F.R. § 1621.15(b) in ruling that the Minnesota Department's conciliation efforts tolled the statute of limitations under 29 U.S.C. § 626(e)(2). For the reasons set forth above, we reject this argument.