**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1410

ANGELA STINSON
Plaintiff, Appellant,

v.

SIMPLEXGRINNELL LP, a Corporation,
Defendant, Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]

_____

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

_____

Guy D. Loranger with whom Nichols, Webb & Loranger was on brief for appellant.

Mark Diana with whom Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Peter Bennett and The Bennett Law Firm, P.A. were on brief for appellee.

October 21, 2005

_____

[*]Of the Northern District of California, sitting by designation.

**Schwarzer**, **Senior District Judge**.    Plaintiff Angela Stinson appeals from the judgment dismissing her action for retaliation in violation of the Maine Human Rights Act ("MHRA"). The District Court, having granted leave to amend Stinson's initial complaint, granted defendant SimplexGrinnell's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss the amended complaint, holding that Stinson had failed to state a claim.  For the reasons stated, we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Stinson's initial complaint stated that she was employed by SimplexGrinnell as a service sales representative.  She alleged that on April 9, 2003, she sent an email to her district manager

---

[1] We note certain facial deficiencies in Stinson's pleadings regarding diversity jurisdiction.  First, Stinson failed to allege an amount in controversy in excess of the requisite jurisdictional amount under 28 U.S.C. § 1332(a).  Second, Stinson alleged that she is a resident of Maine, rather than a citizen, as required by 28 U.S.C. § 1332(a).   Finally, she sued SimplexGrinnell as a limited partnership but failed to allege that none of the members of the partnership are citizens of Maine.   While subject matter jurisdiction deficiencies cannot be waived by the parties, the court may hold the parties to any admissions of jurisdictional facts made in the course of litigation. SimplexGrinell concedes in its brief that the amount in controversy at the time of commencement exceeds $75,000 and that Stinson is a citizen of Maine.   Moreover, it describes itself as a Delaware limited partnership.   Although that does not completely satisfy the technical requirements applicable to jurisdiction over a limited partnership, the parties have given no indication of the existence of a limited partner with Maine citizenship.  We therefore amend Stinson's complaint pursuant to 28 U.S.C. § 1653.  See Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 24-25 (1st Cir. 1988); see also Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002).

complaining about the unprofessional conduct of her supervisor, Joseph Correia ("Correia"). In this email, Stinson complained that Correia took favorable accounts away from her, that he spoke to her in an unfavorable tone, and that he screamed at the staff. She alleges that she received a written warning in response to her email, and that Correia screamed and swore at her in a subsequent meeting. Following an investigation of her email, SimplexGrinnell terminated her, finding that employees were intimidated and afraid of her.

Stinson filed a complaint against SimplexGrinnell, alleging that she was fired for complaining about a hostile work environment and arguing that such retaliatory action was illegal under the MHRA. SimplexGrinnell moved to dismiss Stinson's complaint under Federal Rule of Civil Procedure 12(b)(6). In opposing SimplexGrinnell's motion, Stinson requested permission to amend her complaint, which the District Court granted. In doing so, however, the court stated: "Maine's Human Rights Act does not protect employees from (or forbid retaliation based on opposition to) all hostile work environments, only those where the hostility proceeds from one of the prohibited characteristics (such as sex) . . . . . I will wait to see if the plaintiff, consistent with Federal Rule of Civil Procedure 11(b), alleges activity that states a claim."

Stinson then filed her amended complaint, which contained

the following factual allegations:

14.     Prior to the above incident, Correia frequently screamed and cursed at the Plaintiff.  He did not treat similar male employees in a similar manner.

15.  Because of Correia's abuse and creation of a hostile environment, in November of 2003, Plaintiff called Defendant's employee Concern Line to complain about Correia.  During the phone call, Plaintiff specifically complained Correia had created a hostile work environment.  Plaintiff [sic] complaint to Defendant of the hostile work environment was made in good faith belief that he had created a hostile environment based on her sex and she communicated her complaint to Defendant in good faith.

.  .  .

21. When speaking to Plaintiff, Correia would frequently raise his voice or yell at her.  He did not treat male workers in a similar manner.

The amended complaint then stated her claim under the MHRA in the following terms:

32.  In November of 2003, Plaintiff complained in good faith to Defendant that her supervisor, Joseph Correia, was subjecting her to a hostile work environment. Plaintiff communicated the complaint to Defendant in good faith and truly believed that she had been the victim of a hostile environment.

The District Court concluded that though Stinson's amended complaint contained references to alleged sexual harassment, she failed to allege that she complained to her employer about a sexually hostile environment and thus "still fail[ed] to allege activity that states a claim for retaliation under the Main Human Rights Act."  The court considered Stinson's careful phrasing of the amended complaint as intentional, given its

prior reference to the strictures of Federal Rule of Civil Procedure 11, and because Stinson had ample opportunity to cure the deficiency in her pleading, the court dismissed the action. Stinson now appeals the court's judgment.

**DISCUSSION**

"This court applies a *de novo* standard of review to a district court's allowance of a motion to dismiss." <u>Martin</u> v. <u>Applied Cellular Tech., Inc.</u>, 284 F.3d 1, 5 (1st Cir. 2002) (citing <u>TAG/ICIB Servs., Inc.</u> v. <u>Pan Am. Grain Co.</u>, 215 F.3d 172, 175 (1st Cir. 2000)). We accept as true "the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." <u>Martin</u>, 284 F.3d at 6. However, when it appears certain that the plaintiff would not be entitled to relief even when allegations are viewed in the light most favorable to her, dismissal is appropriate. <u>See</u> <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 15 (1st Cir. 2003) (affirming the allowance of a motion to dismiss when "the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in its complaint").

To establish a prima facie case of retaliation under the MHRA, Stinson "must show that: (1) she engaged in protected activity; (2) her employer thereafter subjected her to adverse

-5-

employment action; and (3) a causal link existed between the two events." Bowen v. Dep't of Human Serv., 606 A.2d 1051, 1054 (Me. 1992); see Bishop v. Bell Atl. Corp., 299 F.3d 53, 58 (1st Cir. 2002).[2] Specifically, to satisfy the third prong of this prima facie test, Stinson "must present sufficient evidence to raise an inference that her protected activity was the likely reason for the adverse action and *must show that her employer was aware that she was engaged in the protected activity*." Bowen, 606 A.2d at 1054 (emphasis added); see also King v. Town of Hanover, 116 F.3d 965, 968 (1st Cir. 1997); Oakstone v. Postmaster Gen., 332 F. Supp. 2d 261, 268 (D. Me. 2004). Courts have consistently held the failure to make a showing of causation to be a fatal defect in a retaliation claim. See Star v. Indiana Dep't Of Transp., 344 F.3d 720, 727 (7th Cir. 2003) (citing Miller v. Am. Family Mut. Ins. Co., 203 F.3d 997, 1008 (7th Cir. 2000) ("An employee can honestly believe she is the object of discrimination, but if she never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints.")); Watts v. Kroger Co., 170 F.3d 505, 512 (5th Cir. 1999); Galdieri-

---

[2] The Supreme Court of Maine has stated that "the Maine legislature by adopting provisions that generally track the federal antidiscrimination statutes intended the courts to look to the federal case law to provide significant guidance in the construction of our statute." Maine Human Rights Comm'n v. City of Auburn, 408 A.2d 1253, 1261 (Me. 1979) (internal quotation marks omitted). Therefore, cases discussing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), may be applied in adjudications under the MHRA. See Bowen, 606 A.2d at 1054-55.

Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); Wiehoff v. GTE Directories Corp., 61 F.3d 588, 597-98 (8th Cir. 1995).

Stinson summarizes her argument on appeal so as to attempt to avoid the controlling law. She states in her brief that "she told the employee hot line of Correia's abusive behavior; that he did not treat the male salesmen in a similar manner and that Correia's behavior was based on her gender." This artful circumlocution finds no support in her complaint, which carefully avoids alleging that she complained to her employer of a hostile work environment based on gender. Stinson argues that the Court could infer that she communicated to her employer that her complaints of a hostile environment were based upon her sex or gender. But it hardly would be reasonable to draw an inference to supply an essential element of Stinson's case omitted from her complaint after the District Court had warned her that the omission would be fatal. See In re Colonial Mortgage Bankers Corp., 324 F.3d at 15; see also Martin, 284 F.3d at 6. This Circuit has held that

> minimal requirements [of notice pleading] are not tantamount to nonexistent requirements. The threshold may be low, but it is real--and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation. The court need not conjure up unpled allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.

Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).[3]

We conclude that Stinson's factual allegations "hold out no hope of recovery on any theory adumbrated in [her] complaint." In re Colonial Mortgage Bankers Corp., 324 F.3d at 15.

**CONCLUSION**

The judgment is **affirmed**.

---

[3] Materials beyond the amended complaint also fail to demonstrate that Stinson registered a complaint of sex or gender-based hostility. Stinson suggests that a memo summarizing her call to an employee concern line demonstrates sufficient allegations of a sexually hostile environment. However, Stinson's second-hand account of a single incident involving an employee (not Correia) and a customer lacks sufficient significance to demonstrate the presence of a sexually hostile workplace environment. The incident's placement in the memo as the final specific complaint, following numerous other complaints unrelated to sex or gender, further mitigates its relevance.