Peter A. DIMMITT, Jr., Plaintiff,

v.

Alfred OCKENFELS, et al., Defendants.

No. 03–170–P–DMC.

United States District Court,
D. Maine.

March 9, 2004.

Charles T. Ferris, Waterville, ME, Christopher E. Maclean, Maclean & MacLean LLC, Camden, ME, for Plaintiff.

Edward R. Benjamin, Jr., Thompson & Bowie, Portland, ME, Michael J. Schmidt, Wheeler & Arey, P.A., Waterville, ME, for Defendants.

## MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT, TO DISMISS, FOR SANCTIONS AND TO STRIKE [1]

DAVID M. COHEN, United States Magistrate Judge.

Presently before the court are two motions for summary judgment, one filed by defendants Alfred Ockenfels, John Bagley, Matthew Lindahl and the City of Rockland ("Rockland defendants") and one filed by defendants Daniel L. Davey, Richard Robbins and Knox County ("Knox defendants"); [2] the plaintiff's motion to dismiss his claims against the Knox defendants; a motion for sanctions filed by the Knox defendants; and a motion to strike portions of the plaintiff's statement of material facts filed by the Rockland defendants. I deny the motion to dismiss, grant the motions for summary judgment; grant the motion to strike in part; and deny the motion for sanctions.

### I. Motion to Dismiss

The Knox defendants filed a motion for summary judgment on all claims asserted against them in this action on December 10, 2003. Docket. The plaintiff did not file any opposition to this motion, but did file a motion to dismiss his claims against the Knox defendants, Motion to Dismiss Complaint Against Knox County, Daniel Davey, and Richard Robbins ("Motion to Dismiss") (Docket No. 18), on December 29, 2003, Docket. In that motion the plaintiff states that he "would not object to the Court's granting of" the Knox defendants' motion for summary judgment. Motion to Dismiss at [2]. In response, the Knox defendants ask the court to enter summary judgment in their favor rather than granting the motion to dismiss, so that they may seek attorney fees and costs pursuant to 42 U.S.C. § 1988 as prevailing parties. Defendant Knox County, Daniel Davey and Richard Robbins' Response to Plaintiff's Motion to Dismiss Complaint (Docket No. 21) at 2. I agree that, under the circumstances, granting the motion for summary judgment, for the reasons set forth below, is the better course. The motion to dismiss is denied.

### II. The Motion to Strike

■ In response to the motion for summary judgment filed by the Rockland defendants, the plaintiff filed a memorandum of law in opposition to the motion and a document entitled "Plaintiff's Statement of Material Facts Not in Dispute." The latter document does not respond to the statement of material facts submitted by the Rockland defendants in support of their motion and can only be characterized as the separate statement of additional facts contemplated by this court's Local Rule 56(c) which may accompany a response to each of the paragraphs of a moving party's statement of material facts. The Rockland defendants ask this court to strike all of the paragraphs in this additional statement that have the effect of controverting paragraphs in their statement of material facts, which must by the terms of Local Rule 56(e) be deemed to have been admitted, insofar as they are properly supported by citations to the summary judgment record, due to the plaintiff's failure to respond to them directly, Defendants' Motion to Strike Portions of Plaintiff's Statement of

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order the entry of judgment.

2. Another defendant, Joel Neal, was dismissed from this action on the plaintiff's motion. Docket No. 4 and endorsement thereon.

Material Facts Not in Dispute, etc. ("Motion to Strike") (Docket No. 22) at 2. The Rockland defendants also object to the plaintiff's use of the transcript of a trial in state court as the source for some of the assertions in his statement of material facts rather than the affidavits of the individuals, not parties to the current action, who testified in that proceeding. *Id.* at 2–4. They also contend that certain paragraphs of the plaintiff's statement of material facts are based on his deposition testimony which they characterize as "entirely inconsistent with" his testimony at the same trial and other paragraphs which they characterize as an attempt by the plaintiff to offer expert testimony. *Id.* at 5–7.

The plaintiff's response to the first of these arguments, Plaintiff's Answer to Defendants' Motion to Strike, etc. ("Strike Opposition") (Docket No. 26), echoes his motion to allow him to file his response to the defendants' statement of material facts late, which I have denied. Docket No. 35. It would make that denial an empty exercise if I were now to allow the plaintiff to rely on entries in his statement of additional facts that contradict those material facts which he must be deemed to have admitted. Accordingly, the following paragraphs of the plaintiff's statement of material facts (Docket No. 20) must be stricken:[3] 17, first sentence only (21, 23, 30–33); 18 (21, 23); 19 (33, 35, 43, 48, 52–53); 20, only the phrases "that Peter never entered onto the property of Oceanside/Lower Deck" and "[h]e also observed Peter to be limp and not moving" (21, 23, 33); 22(24); 23 (24, 26–34); 24(33); 30(33).

With the exception of paragraph 31 of his statement of material facts, the plaintiff has cured the problem with his citation to testimony at a separate trial by submitting the affidavits of Matthew Dimmitt (Docket No. 36) and Jill Schvartz (Docket No. 37) in accordance with the terms of my order dated February 5, 2004 (Docket No. 35). Both affiants attest that their testimony as reported in the trial transcript was in fact true. Affidavit of Matthew Dimmitt ¶ 2; Affidavit of Jill Schvartz ¶ 2. The Rockland defendants

have objected to these affidavits "[t]o the extent these affidavits are cited as support for Paragraphs 20–25 of Plaintiff's Statement of Additional Facts" because, they assert, those paragraphs "clearly are filed 'in reply to' Defendants' facts that are already deemed admitted as true." Defendants' Objection to Affidavits of Matthew Dimmitt and Jill Schvartz (Docket No. 38) at 2. I have already determined that only portions of paragraph 20 and paragraphs 22–24 of the plaintiff's statement can reasonably be characterized as controverting paragraphs of the Rockland defendants' statement of material facts that must be deemed admitted, and the addition of the affidavits to the record does not change that conclusion. Since I have concluded that the remainder of paragraph 20 of the plaintiff's statement, as well as paragraphs 21 and 25 of that document, do not contradict any of the paragraphs of the Rockland defendants' statement of material facts, the objection on that basis is moot. Paragraph 31, on the other hand, presents what is clearly hearsay, trial testimony of Donald Saastamoinen, and will be stricken on that basis.

The Rockland defendants specify paragraphs 17 and 18 of the plaintiff's statement of additional facts as "entirely inconsistent with Plaintiff's prior testimony under oath at his criminal trial." Motion to Strike at 5. The plaintiff responds that the paragraphs are in fact consistent with his prior testimony. Strike Opposition at 4–5. I have already stricken the first sentence and last phrase in paragraph 17 and all of paragraph 18 for the reasons given above. The second sentence of paragraph 17, up to the word "but" is not contradicted by the cited trial testimony and therefore will not be stricken.

Finally, the Rockland defendants attack paragraph 44 of the plaintiff's statement of additional facts as presenting "expert opinions regarding medical diagnoses and causation of medical conditions" which he is not competent to offer. Motion to Strike at 6. The plaintiff responds that he "is certainly allowed to comment upon his subjective com-

---

3. The number of the paragraph in the Rockland defendants' statement of material facts (Docket No. 12) that would be contradicted by the listed

paragraph of the plaintiff's statement is given in parentheses after each listed paragraph of the plaintiff's statement.

plaints which he believes result from the incident which is the basis of this Complaint," Strike Opposition at 5, without citation to authority. The paragraph at issue states:

> Mr. Dimmitt now suffers from post traumatic stress disorder, a loss of peripheral vision in his eyes, constant headaches, depression, and numbness in his hands and arms caused by the unconstitutional acts of the Defendants.

Plaintiff's Statement of Material Facts Not in Dispute ("Plaintiff's SMF") (Docket No. 20) ¶ 44. While the plaintiff may testify that he has lost peripheral vision, has constant headaches and has numbness in his hands and arms based on his own observation, the assertions that he suffers from post traumatic stress disorder and depression appear to require expert testimony, as does the assertion that all of these conditions were caused by the acts of the defendants. As stated, the paragraph, which cites to the plaintiff's own affidavit and some deposition testimony not attached to the plaintiff's statement at all, is inadmissible lay opinion evidence. Paragraph 44 is stricken.

### III. Motions for Summary Judgment

### A. Summary Judgment Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

### B. Factual Background

On June 30, 2001 the plaintiff spent the daytime and early evening hours at his brother's house in Rockland, Maine attending a cookout. Defendant's [sic] Statement of Material Facts ("Knox SMF") (Docket No. 14) ¶¶ 1–2.[4] While at his brother's house, the plaintiff drank beer and had "a good buzz on" when he left to go to the Time Out Pub. Defendants Town of Rockland, Alfred Ockenfels, Matthew Lindahl and John Bagley's Statement of Material Facts Not in Dispute ("Rockland SMF") (Docket No. 12) ¶ 12. He was drunk when he left the Time Out Pub and went to the Oceanside Bar. *Id.* ¶ 13; Knox SMF ¶ 6.

At approximately 12:15 a.m. on July 1, 2001 defendant Bagley, a Rockland police officer, was on bicycle patrol with Officer Joel Neal in the downtown area of Rockland. Rockland SMF ¶¶ 2, 18. Bagley left Neal to check out the area around the Time Out Pub; shortly thereafter, Neal radioed to request Bagley's assistance at the Tradewinds Motel. *Id.* ¶¶ 19–20. Responding to this call, Bagley

---

4. The plaintiff filed no response to either of the statements of material facts filed by the defendants. The facts set forth in those documents, to the extent supported by the citations given to the summary judgment record, are accordingly deemed admitted. Local Rule 56(e).

arrived at Neal's location and saw the plaintiff pushing on the fence that surrounded the outdoor area of the Lower Deck bar. *Id.* ¶¶ 20–21. The bar is located below the Oceanside Restaurant and the outdoor area is used by patrons of the Lower Deck. *Id.* ¶ 22. Bagley saw the plaintiff push the fence in so far that people standing inside it had to back away to avoid contact with the fence. *Id.* ¶ 23. Bagley heard Neal identify himself to the plaintiff as a police officer and inform him that he was under arrest. *Id.* ¶ 24. Neal was standing behind and to the side of the plaintiff, trying to pull his arm behind his back and handcuff him. *Id.* ¶ 26. Bagley moved in to assist Neal by taking hold of the plaintiff's right arm. *Id.* ¶ 27. Bagley advised the plaintiff that he was under arrest and ordered him to put his hands behind his back. *Id.* ¶ 28. Bagley and Neal were both in uniform. *Id.* ¶ 99.

The plaintiff was physically combative and refused to cooperate with the officers' efforts to secure him. *Id.* ¶ 30. Neal and Bagley repeatedly told the plaintiff to stop resisting their efforts to take him into custody. *Id.* ¶ 29. They had to take the plaintiff to the ground in order to gain enough leverage to allow them to achieve physical control over him. *Id.* ¶ 32. Even after he was placed on the ground, the plaintiff continued to be uncooperative, screaming and yelling very loudly. *Id.* ¶ 33. Neal and Bagley were able to handcuff the plaintiff after he was on the ground. *Id.* ¶ 34. When they helped the plaintiff to his feet, Bagley noticed a small cut over the plaintiff's left eyebrow. *Id.* ¶ 35. The plaintiff's face had not been intentionally pushed into the ground. *Id.* ¶ 38.

Defendant Lindahl, a Rockland police officer, was called to transport the plaintiff to the Knox County Jail in his cruiser. *Id.* ¶¶ 1, 39. Neal had arrested the plaintiff for criminal trespass, disorderly conduct, and refusing to submit to arrest. *Id.* ¶ 41. The plaintiff continued to be uncooperative. *Id.* ¶ 43. Lindahl placed the plaintiff in his cruiser and transported him to the county jail. *Id.* ¶ 44. Lindahl noticed that the plaintiff had a small cut on his left eyebrow and that the area around his left eye was beginning to swell. *Id.* ¶ 46. An ambulance was called to check

on the plaintiff's injury before his admission to the jail. *Id.* ¶ 47. While waiting for the ambulance, the plaintiff refused to give Lindahl his name or date of birth; Lindahl informed the plaintiff that he could be charged with a separate criminal offense for refusing to identify himself under these circumstances. *Id.* ¶¶ 48–49.

When the ambulance arrived, the plaintiff refused to be examined or to accept any treatment. *Id.* ¶ 52. He also refused to sign a form documenting his refusal to accept treatment. *Id.* ¶ 53. Lindahl then transported the plaintiff to Penobscot Bay Medical Center, but the plaintiff again refused treatment upon arrival and refused to sign paperwork documenting his refusal. *Id.* ¶¶ 55–56. Lindahl then transported the plaintiff back to the Knox County Jail for booking. *Id.* ¶ 58. They arrived at the jail at approximately 1:43 a.m. *Id.* ¶ 62. Lindahl used no physical force against the plaintiff at any time while the plaintiff was in his custody and control. *Id.* ¶ 78. County deputies assumed custody of the plaintiff once he arrived at the jail. *Id.* ¶ 63.

The plaintiff was highly intoxicated, belligerent, and extremely uncooperative. *Id.* ¶ 64; Knox SMF ¶ 18. As a result, he was placed in a detox cell, where he began banging his head against the wall. Knox SMF ¶¶ 19–20. In response, the shift commander, Christopher Truppa, ordered that the plaintiff be placed in a restraint chair to prevent him from harming himself. *Id.* ¶ 20. Truppa made this decision without consulting defendants Robbins, the jail administrator, or Davey, the sheriff, or involving them in any way. *Id.* ¶ 21. The plaintiff was also placed on fifteen-minute welfare checks. *Id.* ¶ 23. At 3:39 a.m. the plaintiff was freed from all restraints and brought out of his cell to be booked. *Id.* ¶¶ 24, 26. He did not ask to use a toilet, nor did he indicate that he had wet or soiled his pants. *Id.* ¶ 25. Bail was set for the plaintiff and at 10:35 a.m. on July 1, 2001 he was bailed out of the Knox County Jail. *Id.* ¶ 27.

Defendant Ockenfels, the chief of the Rockland Police Department, had no personal involvement in the plaintiff's arrest on July 1, 2001. Rockland SMF ¶ 5. Lindahl and

Bagley, graduates of the Maine Criminal Justice Academy, received training at the Academy and at the Rockland Police Department on proper arrest procedures and the lawful use of non-deadly force to effect an arrest. *Id.* ¶¶ 6–9, 85–88. Both are familiar with the Rockland Police Department's standard operating procedures, including its policy regarding the use of force in connection with an arrest. *Id.* ¶¶ 10–11. All uses of force by Rockland police officers must be reported by the officers; such reports are reviewed by supervisory personnel within the department. *Id.* ¶ 96. Information from the use-of-force reports is used to identify any trends regarding the use of force, either department-wide or by individual officers, so that appropriate follow-up investigation can take place. *Id.* ¶ 109. No trend toward the widespread use of excessive force has been documented through the analysis of the use-of-force reporting system, either for the department as a whole or by any of the three officers involved in the plaintiff's arrest on July 1, 2001. *Id.* ¶ 110.

Ockenfels' observations of Neal, Bagley and Lindahl have not provided any basis for concern about potential problems regarding their lack of knowledge as to the lawful limitations on the use of force. *Id.* ¶ 102. He has never seen any conduct on the part of Neal, Bagley and Lindahl that would indicate that they have a propensity, custom or practice of exceeding lawful limitations on the use of force, as set forth in applicable law and police department policies. *Id.* ¶ 103. In Ockenfels' fifteen years as chief, there have been only two formal complaints of excessive force against Rockland police officers, one in 1997 and one in 2001. *Id.* ¶ 104. The allegations were investigated. *Id.* ¶ 105. After it was determined that the complaints were unfounded, the complainants were advised that they could take their complaints to another agency or file civil litigation. *Id.* ¶¶ 105–06. Neither claim resulted in the filing of a lawsuit. *Id.* ¶ 106.

### C. The Knox Defendants' Motion

In his motion to dismiss, the plaintiff states that he "has elected not to respond to

Defendant Knox County's Motion for Summary Judgment, and would not object to the Court's granting of said Motion." Motion to Dismiss at [2]. However, "[t]he failure of the nonmoving party to respond to a summary judgment motion does not in itself justify summary judgment." *Lopez v. Corporacion Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir.1991). "Rather, before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Id.* (citations, internal quotation marks and brackets omitted).

Count I of the amended complaint, brought pursuant to 42 U.S.C. § 1983, alleges that the Knox defendants deprived the plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Amended Complaint at [5]. The only allegations against any of the Knox defendants that could provide a factual basis for this claim are that two unnamed Knox County correctional officers used excessive and unreasonable force on the plaintiff; that Davey and Robbins "developed and maintained policies or customs, which caused the deprivation of Plaintiff's constitutional rights;" that Davey and Robbins "had established a policy of tolerating acts of misconduct by ... two unknown Knox County Correctional Officers ... by covering up such acts, failing to properly investigate such [sic] complaints, and improperly exonerating police officers accused of misconduct;" that the failure to provide adequate training and supervision was the direct cause of the use of excessive force by the Knox County correctional officers; that the defendants "acted negligently, recklessly, wantonly or oppressively in causing the injuries to Plaintiff;" and that the custom and policy of defendant Knox County "is the affirmative link and moving force behind the actions taken by" Davey and Robbins. Amended Complaint ¶¶ 20, 23–24, 27, 29, 31.[5]

---

5. The amended complaint contains additional paragraphs that appear to assert claims against the Knox defendants. However, each of those paragraphs fails to state a claim on which relief could be granted against the Knox defendants. Paragraph 25 alleges that all of the Knox defen-

There is no evidence in the summary judgment record to support any of these allegations. In the absence of such evidence, the Knox defendants are entitled to summary judgment on Count I. *See Bordanaro v. McLeod,* 871 F.2d 1151, 1156 (1st Cir.1989) (as to Knox County); *Seekamp v. Michaud,* 109 F.3d 802, 808 (1st Cir.1997) (as to supervisory liability of Davey and Robbins).

▮ In Count II, the amended complaint alleges that the same actions violated sections of the Maine Constitution, pursuant to 5 M.R.S.A. § 4682,[6] and certain Maine statutes. Amended Complaint at [5]. A conclusion that the defendants are not liable under 42 U.S.C. § 1983 also disposes of the plaintiff's claims under 5 M.R.S.A. § 4682, the Maine Human Rights Act. *Fowles v. Stearns,* 886 F.Supp. 894, 899 n. 6 (D.Me. 1995). Nor is the plaintiff entitled to relief under any of the other state statutes cited in the amended complaint. The first cited statute, 15 M.R.S.A. § 704, applies to the arrest and detention of an individual until a warrant has been issued when the arresting officer acts wantonly or oppressively or detains a person longer than is necessary to obtain a warrant. There is no evidence in the summary judgment record to support such a claim against any of the Knox defendants. The next cited statute, 17 M.R.S.A. § 2931, prohibits a person from using force to intentionally interfere with the exercise by another of that person's constitutional rights, but only by establishing such an act as a crime, 17 M.R.S.A. § 2932. A Maine statute does not create a private cause of action "unless the legislature has expressly created such a right, or clearly expressed in the legislative history its intent to create such a right." *Grenier v. Kennebec County,* 748 F.Supp. 908, 914 (D.Me.1990). Section 2931 does not meet this test. 17–A M.R.S.A. §§ 107 and 108, the other statutes cited in the amended complaint, establish affirmative defenses to a claim of use of excessive force; they do not create independent causes of action themselves. The Knox defendants are entitled to summary judgment on Count II.

Count III does not assert any claims against the Knox defendants. Count IV alleges that the county was negligent in its "failure to properly ensure that Defendants ... #2 [Davey], #3 [Robbins] ... were adequately trained and supervised prior to and during the time that Defendants caused serious bodily injury to the Plaintiff and deprived Plaintiff of his constitutional rights." Amended Complaint ¶ 42. Again, there is no evidence in the summary judgment record to support this allegation, and Knox County, the only one of the Knox defendants charged in this count, is entitled to summary judgment on Count IV.

Count V alleges that Davey's negligence "in failing to adequately train, supervise and discipline police officers working under [his] direction was the proximate cause of the grave injuries suffered by" the plaintiff. *Id.* ¶ 44. To the extent that Davey, the Knox County sheriff, can reasonably be said to have had police officers working under his direction, a dubious proposition not sup-

---

dants "implicitly or explicitly approved of, authorized, encouraged and or ratified" the actions of the police officer defendants. Since none of the police officers were employees of Knox County and none of them were supervised or in any manner controlled by any of the Knox defendants, this paragraph states no claim against them. Paragraph 26 alleges that all of the Knox defendants "acted with deliberate, reckless and or callous indifference to the constitutional rights of inhabitants of the Town of Rockland and others with whom the police would be expected to come in contact with [sic], by failing to adequately train ... two unknown Knox County Correctional Officers and, by failing to adequately supervise them." The plaintiff does not purport in his pleading to represent the inhabitants of the Town or Rockland or any other individuals, and there is no sense in which this action can be characterized as a class action, which is the only procedural vehicle by which such claims may be pursued. Paragraph 28 alleges that Davey was "deliberately indifferent and/or negligent" in hiring, training and supervising "[his] police officers." Davey, alleged to be a member of the Sheriff's Department, Amended Complaint ¶ 8, by definition did not hire, train or supervise police officers. None of these paragraphs states a claim against any of the Knox defendants on which relief may be granted.

**6.** The amended complaint invokes only 5 M.R.S.A. § 4683, which provides for attorney fees and costs in cases brought under 5 M.R.S.A. § 4682. Amended Complaint at [5]. It is reasonable to assume that the plaintiff brings this claim under section 4682.

ported by any evidence in the summary judgment record, there is no evidence to support the allegation that he failed to train, supervise or discipline any county employee involved in the events of July 1, 2001. Davey is entitled to summary judgment on Count V.

Count VI alleges that Robbins acted negligently in concert with Bagley to cause the plaintiff's injuries. *Id.* ¶ 46. There is no evidence in the summary judgment record to support this allegation, and Robbins is accordingly entitled to summary judgment on Count VI.

### D. The Rockland Defendants' Motion

*1. Count I.* The Rockland defendants first contend that Count I of the amended complaint does not properly plead a cause of action against them under 42 U.S.C. § 1983. Defendants Ockenfels, Bagley, Lindahl and City of Rockland's Motion for Summary Judgment, etc. ("Rockland Motion") (Docket No. 11) at 8. With the aid of inferences in the plaintiff's favor, the amended complaint may be read to state such a claim. On the merits, the Rockland defendants contend that the plaintiff has not provided evidence to support a claim of municipal or supervisory liability based on deliberate indifference to the rights of citizens. *Id.* at 8–9. I agree. Even if all of the factual assertions in the plaintiff's statement of material facts were properly before the court, he has offered nothing to establish liability for his federal constitutional claims against the city or Ockenfels. Indeed, the plaintiff offers no argument in opposition to the motion for summary judgment on behalf of Ockenfels and the city, addressing only his claims against Bagley and Lindahl. Plaintiff, Peter A. Dimmitt, Jr.'s Answer to Defendants Ockenfels, Bagley, Lindahl, and City of Rockland's Motion for Summary Judgment, etc. ("Rockland Opposition") (Docket No. 19) at 4–7. Ockenfels and the city of Rockland are entitled to summary judgment on Count I. *See, e.g., Bordanaro,* 871 F.2d at 1156–57 (municipal liability); *Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 91–94 (1st Cir.1994) (supervisory liability).

With respect to the federal constitutional claims against Bagley, the plaintiff asserts that they are based only on the alleged use of excessive force. Rockland Opposition at 5. He bases his constitutional claims against Lindahl on both the use of excessive force and indifference to his need for medical care. *Id.* at 7. The evidence cited by the plaintiff in support of his excessive force claim against Bagley, *id.* at 5–6, is presented in paragraphs 18, 22 and 23 of his statement of material facts, all of which have been stricken from the record on the Rockland defendants' motion. Accordingly, in the absence of any evidence supporting the claim, Bagley is entitled to summary judgment on Count I.

The only evidence offered by the plaintiff in support of his excessive force claim against Lindahl is presented in paragraph 43 of his statement of material facts and has survived the motion to strike. It consists of the following single sentence: "Mr. Dimmitt claims that Officer Lindahl manhandled him and treated him very roughly during his transport and once they arrived back at the Knox County Jail." Plaintiff's SMF ¶ 43. In his deposition testimony which he cites in support of this assertion, the plaintiff stated that Lindahl "kind of manhandled me around" and by "roughly transported" meant "the manner in which [Lindahl] took me out of the car and stuff like that." Deposition of Peter Dimmitt [date unknown] ("Plaintiff's Dep."), Exh. 2 to Rockland Opposition, at 66. The Rockland defendants deny this allegation. Defendants' Town of Rockland, Alfred Ockenfels, Matthew Lindahl and John Bagley's Reply Statement of Material Facts (Docket No. 23) ¶ 43. They also point out, *id.,* that the plaintiff later testified "That's it," in response to the question, "Anything else then that you meant by that rough transport other than the way you were taken out of the car?" and that he weighed two hundred and twenty-five pounds at the time, with his hands handcuffed behind him. Plaintiff's Dep. at 67–68.

While the defendants' denial would ordinarily mean that a material fact is in dispute, making summary judgment unavailable, additional considerations apply under the circumstances present here. Summary judgment may be appropriate when the non-moving party "rests merely upon conclusory

allegations." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). The plaintiff's assertion that Lindahl "kind of manhandled me around," without more, is merely a conclusory allegation insufficient to avoid the entry of summary judgment. The plaintiff's claim of "rough treatment" while being removed from the cruiser provides marginally more detail. Assuming that it is sufficient to avoid characterization as conclusory, however, the offered testimony is not sufficient to allow a reasonable factfinder to draw the inference that the force described was unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 395–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (police officers may use reasonable amount of force under circumstances).

■ With respect to the plaintiff's federal constitutional claim against Lindahl based on his alleged "deliberate indifference to the [medical] condition of" the plaintiff, that argument relies on the assertion that "the Plaintiff had suffered a head injury so severe that he could not, under any circumstances, make a determination for himself as to whether or not he needed medical treatment." Rockland Opposition at 7. There is no factual support for this assertion in the paragraphs of the plaintiff's statement of material facts remaining after disposition of the motion to strike.[7] The undisputed evidence submitted by the Rockland defendants is to the contrary. Rockland SMF ¶¶ 47–50, 52–53.

Lindahl is entitled to summary judgment on Count I.

*2. Count II.* Count II alleges violation of the Maine constitution on the same grounds as those alleged in support of the federal constitutional claims in Count I. The claim is asserted under the Maine Human Rights Act, 5 M.R.S.A. § 4682. Amended Complaint at [5]. "The Maine Civil Rights Act was patterned after 42 U.S.C. § 1983," *Comfort v. Town of Pittsfield*, 924 F.Supp. 1219, 1236 (D.Me.1996) (citation and internal quotation marks omitted), the statutory vehicle for the plaintiff's federal constitutional claims

asserted in Count I. The same standard of reasonableness applies to claims brought under the state statute, *Richards v. Town of Eliot*, 780 A.2d 281, 292 (Me.2001), and thus the Rockland defendants are entitled to summary judgment on the state constitutional claims for the reasons already stated.

Count II also asserts against the Rockland defendants the same state statutory claims that were asserted against the Knox defendants. For the reasons already discussed, the Rockland defendants are entitled to summary judgment on those claims as well.

■ *3. Counts III and VI.* Count III alleges that Bagley and Lindahl intentionally inflicted emotional distress on the plaintiff and committed assault and battery against him. Amended Complaint ¶ 40. Count VI alleges that Bagley negligently caused injury to the plaintiff "acting in concert" with Robbins. *Id.* ¶ 46. These defendants contend that they are immune from such common law claims under the Maine Tort Claims Act, 14 M.R.S.A. § 8101 *et seq.* Rockland Motion at 13. The plaintiff does not respond to this portion of the motion for summary judgment.

The defendants invoke the following section of the Maine Tort Claims Act:

> Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:

>     *      *      *      *      *      *

> C. Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused;

> . . . .

14 M.R.S.A. § 8111(1)(C). "A law enforcement official's use of force is a discretionary act." *Comfort*, 924 F.Supp. at 1236. Unless the evidence could reasonably be construed to show that the conduct underlying the claims of assault battery and intentional infliction of emotional distress was so egregious as to clearly exceed any discretion the officers could have possessed under the cir-

---

**7.** The only paragraphs of the plaintiff's statement of material facts that might provide the basis for reasonable inferences to support the plaintiff's

argument on this point are paragraphs 19, 20 (last sentence), 24, 30, 31 and 44.

cumstances, they are entitled to immunity. *Id.* at 1236–37. None of the evidence submitted in the plaintiff's statement of material facts and remaining after the disposition of the motion to strike would allow a reasonable factfinder to conclude that the conduct of Bagley or Lindahl met this standard.[8] They are entitled to summary judgment on Counts III and VI.

■ *4. Count IV.* Count IV alleges that the city of Rockland was negligent in failing properly to train and supervise Ockenfels, Bagley and Lindahl. Amended Complaint ¶ 42. The city contends that it is immune from this common law negligence claim under the Maine Tort Claims Act. Rockland Motion at 9. Again, the plaintiff has not responded.

Under the Act, a municipality is immune from suit on any and all tort claims except as expressly provided by statute. 14 M.R.S.A. § 8103. None of the exceptions to immunity listed in 14 M.R.S.A. § 8104–A is implicated by the facts in this case. Accordingly, the city of Rockland is entitled to summary judgment on Count IV.

■ *5. Count V.* Count V alleges that Ockenfels was negligent in failing adequately to train, supervise and discipline "police officers working under [his] direction," Amended Complaint ¶ 44, presumably Bagley and Lindahl. Ockenfels asserts that he is immune from liability on this claim under the Maine Tort Claims Act. Rockland Motion at 9–10. The plaintiff does not respond to this argument.

The discretionary function immunity provided to municipal employees under 14 M.R.S.A. § 8111(1)(C), discussed above with respect to claims against Bagley and Lindahl, applies here as well. *See Bowen v. Department of Human Servs.*, 606 A.2d 1051, 1055 (Me.1992) (supervision is discretionary duty under § 8111(1)(C)); *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 425 (Me. 1987) (supervision, training and control of employees are discretionary duties under § 8111(1)(C)). Ockenfels is entitled to summary judgment on Count V.

---

8. In addition, there is no evidence in the summary judgment record that Bagley had any con-

### E. The Motion for Sanctions

■ The Knox defendants move for sanctions under Fed.R.Civ.P. 11. Defendants Knox County, Daniel Davey, and Richard Robbins' Motion for Sanctions Pursuant to F.R.Civ.P. 11, etc. ("Sanctions Motion") (Docket No. 15). The plaintiff did not respond to this motion, although he did file his motion to dismiss his claims against these defendants nineteen days after this motion was filed. Docket. The rule provides, in relevant part:

**(b) Representations to Court.** By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

\*     \*     \*     \*     \*     \*

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1) How Initiated.**

**(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ..., the challenged paper ... is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11.

In this case, counsel for the Knox defendants apparently presented counsel for the plaintiff with a letter dated November 21,

---

tact at all with Robbins in connection with the arrest of the plaintiff.

2003 requesting that he dismiss the claims against the Knox defendants, although it is not clear that the motion itself was served on the plaintiff at that time. Sanctions Motion at 5. In any event, the motion was filed in this court on December 10, 2003, Docket, 19 days later. This was at least two days short of the "safe harbor" provision of the rule. Compliance with this provision is mandatory. *E.g., Truesdell v. Southern California Permanente Med. Group*, 293 F.3d 1146, 1152 (9th Cir.2002); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir.1997) (collecting cases). The motion for sanctions is accordingly denied.[9]

### IV. Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss is **DENIED**; the motion to strike filed by the Rockland defendants is **GRANTED** in part and **DENIED** in part; the defendants' motions for summary judgment are **GRANTED**; and the Knox defendants' motion for sanctions is **DENIED**.

---

**9.** The fact that the motion for sanctions is denied should not be taken as an indication that the performance of counsel for the plaintiff in this case was anything other than derelict in several respects.