STATE OF MAINE
CUMBERLAND, ss.

TDW - CUM - a/1

2008 AUG 18 A 8: 03

EDWARD REIDMAN,

Plaintiff,

v.                                          ORDER

CITY OF SOUTH PORTLAND, et al,

Defendants.

In this case plaintiff Edward Reidman alleges that he was terminated from his employment with the City of South Portland as a result of age discrimination. Before the court is a motion by defendants James Soule, Jeffrey Jordan, James Gailey, Brian Smith, Maxine Beecher, and Robert Coombs (the "individual defendants") to dismiss the complaint as against them on the ground that, as City officials involved with Redman's termination, they may not be held personally liable for discrimination under the Maine Human Rights Act (MHRA) and that Reidman's cause of action lies solely against the City.

The parties have briefed the issue in considerable detail, and the court will not recapitulate their arguments. There is no authoritative Law Court precedent on this issue. Indeed, the Law Court, after initially issuing an opinion concluding that there could be individual supervisory liability under the MHRA, then withdrew that opinion and expressly declined to rule on the issue. *Gordan v. Cummings*, 2000 ME 68 ¶¶ 10-11, 756 A.2d 942, 944-45. Under these circumstances the court is persuaded by the reasoning of the U.S. District Court in *Gough v. Eastern Maine Development Corp.*, 172 F.Supp.2d 221, 223-27 (D. Me. 2001) (Singal, J.), that the Maine Human Rights Act

should not be interpreted to impose personal liability on the supervisors of an employee.

In particular, as noted in *Gough*, the Law Court has held that the Legislature intended the courts to look to Federal case law. *See* 172 F.Supp.2d at 224, citing *Percy v. Allen*, 449 A.2d 337, 342 (Me. 1982); *Bowen v. DHS*, 606 A.2d 1051, 1053 (Me. 1992). The *Gough* decision further demonstrates that the vast weight of federal circuit court authority is to the effect that there is no personal liability of supervisors under comparable federal statutes. 172 F.Supp. 2d at 224.[1]

The entry shall be:

The motion to dismiss by defendants Soule, Jordan, Gailey, Smith, Beecher and Coombs is granted. The case shall proceed solely as against defendant City of South Portland. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     August _/5_, 2008

_____
Thomas D. Warren
Justice, Superior Court

---

[1] In response, plaintiffs cite two allegedly contrary circuit court decisions but their reliance on those decisions does not withstand scrutiny. Thus, while plaintiffs cite the Fifth Circuit's decision in *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990), that case only permitted federal officials to be sued in their official capacity. Where supervisors were sued in their personal capacity, the Fifth Circuit has ruled to the contrary. *See Indest v. Freeman Decorating Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Similarly, while plaintiffs cite the Sixth Circuit's decision in *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986), a subsequent Sixth Circuit case describes the language from *Jones* relied on by plaintiffs as *dicta* that did not decide the issue of personal liability. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 n.8 (6th Cir. 1997). The *Wathen* case further held that supervisors may not be held personally liable under Title VII. 115 F.3d at 405.

2

:K OF COURTS
O. BOX 287
), MAINE 04112-0287


HOWARD REBEN ESQ
ADRIENNE HANSEN ESQ
REBEN BENJAMIN & MARCH
PO BOX 7060
PORTLAND ME 04112-7060



:K OF COURTS
O. BOX 287
), MAINE 04112-0287

MELISSA HEWEY ESQ
PETER FELMLY ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME 04112

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2009 JUL -2 A 9: 24

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-08-134

EDWARD REIDMAN,

       Plaintiff,

v.

CITY OF SOUTH PORTLAND, et al,

       Defendants.

ORDER

Before the court is a motion for summary judgment filed by defendant City of South Portland. Also before the court is a motion by the City to strike a supplemental affidavit of plaintiff Edward Reidman submitted after the City filed its reply papers on the pending summary judgment motion.

## 1. Summary Judgment Standard

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment

as a matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

## 2. Age Discrimination – Governing Law

Reidman alleges that he was laid off from his job as the City's Director of Engineering as a result of age discrimination. The City has made a factual showing that Reidman was instead laid off for budgetary reasons. Reidman, however, argues that this is a "mixed motive" case, and all he has to show is that age was a "motivating factor" in his layoff even if other factors also motivated the layoff. See <u>Desert Palace Inc. v. Costa</u>, 539 U.S. 90, 94-95 (2003).

In the papers it submitted for purposes of summary judgment, the City did not contest that this aspect of <u>Desert Palace</u> would be incorporated into the Maine Human Rights Act.[1] After the summary judgment motion was briefed, however, the U.S. Supreme Court has made clear that the mixed motive "motivating factor" test does not apply in ADEA cases. <u>Gross v. FBL Financial Services Inc.</u>, No 08-441, Slip opin. at 7-8, 2009 U.S. LEXIS 4535 at *15 (June 18, 2009). Since both parties have acknowledged that the interpretation of the Maine Human Rights Act is guided by federal law, <u>see</u>, <u>e.g.</u>, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment

---

[1]  <u>Desert Palace</u> also ruled that a plaintiff may demonstrate the existence of a mixed motive by circumstantial evidence. With respect to the general applicability of <u>Desert Palace</u> in employment discrimination cases under the Maine Human Rights Act, several questions remain – given that <u>Desert Palace</u> was based in part on certain 1991 amendments to 42 U.S.C. § 2000e – as to the extent to which those amendments should be deemed to be part of Maine law. Specifically, there is a question whether Maine law should be interpreted to include the statutory language relating to mixed motive in 42 U.S.C. § 2000e-2(m) and if so, whether Maine law should also include Title VII's limitation on relief if an employer proves that that the same action would have been taken in the absence of an impermissible factor. 42 U.S.C. § 2000e-5(g)(2)(B). See <u>Desert Palace</u>, 539 U.S. at 94-95 & n.2. The Maine Human Rights Act has no statutory language comparable to 42 U.S.C. § 2000e-2(m) and 42 U.S.C. § 2000e-5(g)(2)(B).

2

dated December 17, 2008 at 5 n.2, the court will consider South Portland's motion for summary judgment under the more familiar McDonnell-Douglas framework.

Under McDonnell Douglas a person claiming age discrimination must first make a prima facie case that (1) he falls within the protected class, (2) he met his employer's legitimate job performance expectations, (3) he was subjected to a layoff or other adverse action, and (4) the employer either did not treat age neutrally or retained younger employees in similar positions. E.g., Hidalgo v. Overseas Condado Ins. Agencies, 120 F.3d 328, 333 (1st Cir. 1997). If the employee makes this showing, the employer must articulate a legitimate non-discriminatory reason for the layoff. Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991). Once the employer has done so, the claimant must raise disputed issues for trial as to whether the employer's articulated justification is a pretext for age discrimination. Id.

3. Evidence as to Age Discrimination

With respect to whether Reidman has established a prima facie case, both parties agree that the first three of the McDonnell Douglas elements are satisfied, but the City challenges the fourth element – whether Reidman has offered evidence that the City did not treat age neutrally or that it retained similarly situated younger employees. In response, Reidman acknowledges that no similarly situated younger employees were retained but argues that age was not treated neutrally, essentially based on the same evidence he later argues is sufficient to raise a disputed issue for trial as to whether the City's budgetary justifications were a pretext.

On its face, the requirement that a plaintiff show that age was not treated neutrally seems to be directed at cases where an employer's action had a disparate impact on older employees. See Schuler v. Polaroid Corp., 848 F.2d 276, 278-79 (1st Cir.

3

1988) (Breyer, J.) However, there is authority for the proposition that, where a layoff or reduction in force is concerned, the required showing that the employer did not treat age neutrally can be met by direct or circumstantial evidence of an intent to discriminate on the basis of age. See 8 Larson, Employment Discrimination §135.03[3][d] (2d ed. 2006).

The court must therefore evaluate the evidence offered by Reidman in support of his contention that the City's actions were motivated by age bias and that budgetary considerations were a pretext for age discrimination.

First, Reidman contends that he was asked by the City Manager on more than one occasion when he was planning to retire. Although an employer has a right to inquire about an employee's retirement plans without raising an inference of age discrimination, see Woythal v. Tex-Tenn Corp., 112 F.3d 243, 247 (6th Cir. 1997), badgering an employee about retirement may raise such an inference. At his deposition Reidman only recalled two conversations about retirement with the City Manager, although he said there may have been others. Reidman Dep. 52. However, he testified that on one of those occasions, in late January or February 2006, he asked the City Manager when the City Manager thought Reidman should retire and was told "January 1, 2006."

Reidman argues that there is also circumstantial evidence that his layoff resulted from age bias based on his testimony that a member of the City Council requested the City Manager to meet with Reidman to see if some alternative to layoff could be found and no such meeting was ever held. Reidman Dep. 121.[2]

---

[2] The City's representatives testified that they were asked to consider alternatives but were not asked to meet with Reidman.

4

Finally, Reidman argues that the severance package he received was not as favorable as that provided to a younger employee a year previously. The City responds that the prior severance occurred before the City's budgetary problems arose.[3] In this connection, if Reidman were required to demonstrate that he was laid off while younger employees were retained or that a younger employee was hired to replace him, or that younger employees fared better in the layoff it does not appear he could prevail. The mere fact that the City offered a different severance package with respect to a layoff that occurred at a different time is not a basis for liability. Moreover, even if the City should have offered a more favorable severance package, Reidman is not seeking more favorable severance benefits here but rather damages based on an allegedly discriminatory termination. Nevertheless, it is the court's understanding that Reidman is entitled to relief if he was laid off based on his age regardless of whether there is evidence of disparate treatment compared to younger employees.

For purposes of summary judgment, the court is required to consider the above evidence in the light most favorable to Reidman. Reidman is not required to persuade the court that his version of events is more plausible but only that there are sufficient facts from which a jury could disbelieve the City's rationale and conclude that illegal discrimination occurred. Cookson v. Brewer School Department, 2009 ME 57 ¶ 23.. Under this standard the court concludes that Reidman has offered sufficient facts to raise a disputed issue for trial as to whether he would not have been laid off "but for" his age. See Gross v. FBL Financial Services Inc., No 08-441, Slip opin. at 8 (U.S.

---

[3] Reidman also contends that the City Manager falsely told the City Council that Reidman was planning to retire. However, he has offered no admissible evidence to support this contention and acknowledged at his deposition that it was not only based on hearsay but on hearsay that the alleged declarant had denied. Reidman Dep. 50-51, 79-82.

Supreme Court, June 18, 2009); 4 M.R.S. § 4572(1)(A) (unlawful for employer to discriminate "because of" age).

Because neither party has had the opportunity to brief the impact of <u>Gross v. FBL Financial Services Inc.</u> on this case, the court will also consider whether any of the conclusions expressed in this order should be modified once the parties have had a chance to be heard on those issues.

## 4. City's Motion to Strike

The City's motion to strike Reidman's supplemental affidavit is granted. Parties opposing summary judgment are not permitted the luxury of surreply papers in the absence of express permission from the court inviting such submissions. However, the court agrees with Reidman that it could not rely on Gailey's supplemental affidavit (to which Reidman has had no opportunity to respond) to grant summary judgment to the City. Gailey's supplemental affidavit can only be used to support denials or qualifications in the City's reply statement of material facts. <u>See</u> M.R.Civ.P. 56(h)(3).

The entry shall be:

Defendant's Motion for summary judgment is denied. Defendant's motion to strike Reidman's supplemental affidavit is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July ___/___, 2009

Thomas D. Warren
Justice, Superior Court

6

HOWARD REBEN ESQ
REBEN BENJAMIN & MARCH
PO BOX 7060
PORTLAND ME 04112

MELISSA HEWEY ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME 04104