**Bryan K. FINNEMORE**

v.

**BANGOR HYDRO–ELECTRIC COMPANY.**

Supreme Judicial Court of Maine.

Argued May 11, 1994.

Decided Aug. 3, 1994.

Judith W. Thornton (orally), Elizabeth Kelly Ebitz, Ebitz & Thornton, P.A., Bangor, for plaintiff.

Bernard J. Kubetz (orally), Thad B. Zmistowski, Eaton, Peabody, Bradford & Veague, P.A., Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD and DANA, JJ.

DANA, Justice.

Bryan K. Finnemore appeals from a summary judgment entered in the Superior Court (Penobscot County, *Marsano, J.*) on his claim that sexually explicit taunts by co-workers and a supervisor constitute religious discrimination by the Bangor Hydro–Electric Company pursuant to the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4660–A (1989 & Supp.1993). We agree that the trial court erred and vacate the judgment.

The facts as developed for purposes of the summary judgment may be summarized as follows: Finnemore is a fundamentalist Christian. In June 1989 he began working in Bangor Hydro's garage. His co-workers and supervisors knew of his religious convictions. During work breaks, co-workers routinely made sexually explicit comments regarding each other's wives. Finnemore at one point complained: "How can you guys talk like this ... it's offensive to me because of my religion." Thereafter, his co-workers routinely made Finnemore's wife the target of their sexually explicit comments. Finnemore complained to management which took no action and he repeatedly told his co-workers that he objected to their remarks because his relationship with his wife was both private and sacred. After receiving sexually

explicit letters through the interoffice mail, he notified management, which again took no action. In July Finnemore applied for and obtained a transfer to another department, but was required to remain in the garage for three months until it became effective. Finnemore could not wait that long and, in September, resigned. He told his supervisors that he was resigning because of the verbal harassment and the delay in his transfer.

Finnemore filed a complaint against Bangor Hydro alleging, *inter alia*, religious discrimination pursuant to the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4660–A.[1] Bangor Hydro filed a motion for a summary judgment which the court granted.[2] Finnemore filed this appeal.

■ A summary judgment is properly granted when the record reveals that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). When a party appeals from a summary judgment, we review the evidence in the light most favorable to the party against whom the judgment was entered, and determine whether the trial court committed an error of law. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me. 1992).

Title 5 M.R.S.A. § 4572(1)(A) (Supp.1993) provides in pertinent part as follows:

> It is unlawful employment discrimination, in violation of this Act, except when based on a bona fide occupational qualification ... [f]or any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of ... religion ... or, because of those reasons, to discharge an employee or discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privileges of employment or any other matter directly or indirectly related to employment....

---

1. Finnemore's remaining claims for sexual discrimination and intentional and negligent infliction of emotional distress were voluntarily dismissed.

2. Although the trial court did not issue a written opinion, it stated during the hearing that it was granting Bangor Hydro's motion for the reasons articulated at the hearing, which included Bangor Hydro's assertion that the co-workers' comments were not religious in nature.

The employment regulations of the Maine Human Rights Commission state that religious harassment constitutes religious discrimination.

> Harassment on the basis of religion is a violation of Section 4572 of the Maine Human Rights Act. Unwelcome comments, jokes, acts and other verbal or physical conduct *of a religious nature* constitute religious harassment when:
>
> > a. submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;
> >
> > b. submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or
> >
> > c. such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

Me. Human Rights Comm'n Employment Reg. 3.10(G)(1) (emphasis added).

■ Because this case is one of first impression in Maine, "the use of federal precedent as an aid in interpreting Maine's anti-discrimination provisions is appropriate." *Bowen v. Department of Human Servs.*, 606 A.2d 1051, 1053 (Me.1992). While some courts have dealt with clearly religious slurs directed at an individual,[3] we are unaware of any opinion that has dealt with sexually explicit comments providing the factual basis for a religious harassment claim. One court found a nickname without explicit religious overtones to constitute evidence of religious harassment where there was other evidence of religious slurs.[4] Another court found no religious harassment in comments deemed political rather than religious in nature.[5]

■ One element of a religious harassment claim is that the precipitating comments or actions be "of a religious nature." Me. Human Rights Comm'n Employment Regs. 3.10(G)(1). A test for determining whether a comment is of a religious nature is whether it occurred *because of* an individual's religious beliefs or would not have occurred *but for* the individual's religion. *Turner*, 811 F.Supp. at 2–4; *Reichman*, 536 F.Supp. at 1176; *Morales v. Dain, Kalman & Quail, Inc.*, 467 F.Supp. 1031, 1042 (D.Minn.1979); *Compston*, 424 F.Supp. at 160. We applied an identical test in *Bowen*, 606 A.2d at 1053–54 ("but for" test applied to sexual discrimination claim). Whether a comment occurred because of an individual's religious beliefs or would not have occurred but for an individual's religion is a question of fact. From our review of the record in this case, we find that there is a genuine issue of material fact whether the comments directed at Finnemore occurred because of his religious beliefs or would not have occurred but for his religion. The trial court erred in granting the summary judgment motion.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** *See, e.g., Weiss v. United States*, 595 F.Supp. 1050 (E.D.Va.1984) (anti-Semitic remarks directed at Jewish plaintiff); *Compston v. Borden, Inc.*, 424 F.Supp. 157, 158 (S.D.Ohio 1976) (anti-Semitic remarks directed at Jewish plaintiff); *Vaughn v. Ag Processing, Inc.*, 459 N.W.2d 627 (Iowa 1990) (anti-Catholic remarks directed at Catholic plaintiff).

**4.** *Turner v. Barr*, 811 F.Supp. 1 (D.D.C.1993) (Jewish plaintiff was told jokes about the Holocaust, subjected to stereotypes involving skill

with money and jewelry making, and given the nickname "Turnkey.")

**5.** *Reichman v. Bureau of Affirmative Action*, 536 F.Supp. 1149, 1176 (M.D.Penn.1982) (statements made by a co-worker expressing views on the Arab–Israeli conflict, Menachim Begin, and the positions of Jewish organizations regarding affirmative action did not constitute religious harassment of a Jewish plaintiff).