Philip C. TOBIN

v.

CASCO NORTHERN BANK, N.A.

Supreme Judicial Court of Maine.

Submitted on Briefs May 3, 1995.

Decided July 19, 1995.

Philip C. Tobin, Ellsworth, pro se.

John P. March, Jr., Patterson Law Office, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

GLASSMAN, Justice.

Philip C. Tobin appeals from a summary judgment entered in the Superior Court (Hancock County, *MacInnes, A.R.J.*) in favor of Casco Northern Bank, N.A. on Tobin's complaint alleging that the Bank fraudulently assessed overdraft charges against his account. Tobin contends that the court erred in finding there was no genuine issue of material fact with regard to his claim of fraud and that the Bank was entitled to a summary judgment as a matter of law. We affirm the judgment.

Tobin filed the present complaint against the Bank in September 1992 alleging that during a period of several months the Bank fraudulently assessed overdraft charges and seeking $715 in compensatory damages and $1,000,000 in punitive damages. Following the filing of the Bank's answer, the parties engaged in discovery procedures. In his answer to the Bank's interrogatories, Tobin stated that he had made deposits before the actual or effective date of deposit shown on the Bank's records and on Tobin's monthly statements. In support of its motion for a summary judgment the Bank filed Tobin's account application, Tobin's daily account balances, the Bank's deposit account agreement and brochure, its highlight sheet and Tobin's agreement to be bound by the terms set forth therein. In response to the Bank's motion for a summary judgment Tobin filed an affidavit alleging that on a Friday evening in September 1992 he withdrew $10 from an ATM machine in Blue Hill and, on reading the transaction printout, realized he had overdrawn his account. He subsequently discovered that he could not immediately make a correcting deposit because the ATM he had used was not owned by the Bank. He later went to the Ellsworth branch of the Bank to request the reversal of an overdraft charge that had been assessed against his checking account. Although the assistant branch manager was not inclined to make an

adjustment, he apparently told Tobin that he would "see what he could do." Tobin believed he would not be charged a twenty dollar overdraft fee for such a "harmless error." After drawing on his account a few days later, he received another overdraft notice that was triggered because he had not deducted the twenty dollar charge for the first overdraft from the balance of his account. On the following day, after again drawing on his account, he received yet another notice of an overdraft. The assistant branch manager again explained the Bank's policy with regard to overdrafts and offsetting deposits and remained unsympathetic to Tobin's cause.

██ After a hearing, the court granted the Bank's motion for a summary judgment, and Tobin appeals. A summary judgment is properly granted when the record reveals that there is no genuine issue of material fact and any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). When a party appeals from a summary judgment, we review the evidence in the light most favorable to the party against whom the judgment was entered and determine whether the trial court committed an error of law. *Finnemore v. Bangor Hydro–Electric Co.*, 645 A.2d 15, 16 (Me.1994).

██ A person is liable for fraud if the person

(1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Grover v. Minette–Mills, Inc.*, 638 A.2d 712, 716 (Me.1994). When a plaintiff alleges not an affirmative false statement, but rather a failure to disclose rising to the level of a misrepresentation, the plaintiff must prove either (1) active concealment of the truth, or (2) a specific relationship imposing on the defendant an affirmative duty to disclose. *H.E.P. Dev. Group, Inc. v. Nelson*, 606 A.2d 774, 775 (Me.1992). *See* Horton & McGehee, *Maine Civil Remedies* § 21.6 at 21–4 (1994).

██ Here, there is no evidence of a false representation or a failure to disclose by the Bank. It is undisputed that Tobin's daily account balances as calculated by the Bank were correct. Tobin agreed to be bound by the rules and regulations described in the Bank's deposit accounts agreement and brochure and its highlight sheet, copies of which Tobin acknowledged having received. The Bank's "Policy Regarding Funds Availability," published in the brochure, provides in pertinent part: "Our policy is to make funds from your deposits available to you on the first business day after the day we receive your deposit. At that time, you can withdraw the funds in cash or we will use the funds to pay checks that you have written." The Bank's highlight sheet provides in pertinent part: "An overdraft is created if checks drawn on the account exceed the account balance and/or the collected balance, and the bank chooses to pay the items." The record demonstrates that the overdraft charges were assessed by the Bank against Tobin's account in accordance with their agreement. Tobin presented no evidence to the trial court to support his contention that his accounts were in fact never overdrawn and therefore not subject to overdraft charges. The trial court properly determined there was no genuine issue of material fact and that the Bank was entitled to a summary judgment as a matter of law.

Because there has been no final determination by the trial court relative to the Bank's motion for attorney fees and costs as a sanction to be imposed on Tobin pursuant to M.R.Civ.P. 11, we reject the Bank's request that we address this issue.

The entry is:

Judgment affirmed.