STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                             CIVIL ACTION
                                                           Docket No. CV-04-369

MAINE-LY MARINE SALES
& SERVICE, INC., et al.,

        Plaintiffs,

v.                                                         ORDER

JOHN WORREY,

        Defendant.

Before the court is a motion by plaintiffs Maine-ly Marine Sales & Service Inc. and Stanley Malinowski (collectively, "Maine-ly Marine") for summary judgment dismissing the counterclaims filed by defendant John Worrey.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

At the outset, before considering what facts are disputed and what facts are undisputed, there are two procedural issues to consider. In responding to Maine-ly

Marine's statement of material facts, Worrey has chosen to submit his opposing statement of material facts in the form of an affidavit. In the court's view, this does not comply with the requirement that an opposing statement of material facts be "separate, short, and concise." See M.R.Civ.P. 56(h)(2) (emphasis added). Statements of material facts submitted pursuant to Rule 56(h) are not intended to contain evidentiary submissions but are instead intended to identify alleged factual disputes and provide record citations to the evidentiary submissions (depositions, affidavits, answers to interrogatories, and the like) which support a party's factual assertions, denials or qualifications.

In this instance, however, Worrey's opposing statement of material facts is relatively concise and also contains record citations to his deposition. His affidavit does not add anything material to the portions of his deposition that could be properly be considered if the affidavit portion of Worrey's statement of material facts were disregarded. In determining whether there are disputed issues of fact for trial, therefore, Worrey's departure from the requirements of Rule 56(h) does not affect the outcome of this motion.

The second procedural issue to be considered concerns Worrey's objections to the last three paragraphs of Maine-ly Marine's statement of material facts on the ground that those paragraphs cite to his pleadings. Since statements in a party's pleadings are admissible as party admissions and since a court can take judicial notice of its own records to satisfy itself that a pleading is authentic, reliance on an opponent's pleadings is permissible in summary judgment practice.[1]

---

[1] Rule 56 provides that a party may not rest upon mere allegations or denials in that party's pleadings, see M.R.Civ.P. 56(e), but does not preclude reliance upon an opposing party's pleadings.

1.    Factual Record on Summary Judgment

Worrey's counterclaim seeks recovery for breach of contract, unjust enrichment, fraud, negligent misrepresentation, violations of the unfair trade practice act (UTPA), and breach of express or implied warranty.[2] All of Worrey's claims relate to Maine-ly Marine's alleged failure to properly winterize his boat or perhaps to its alleged failure to warn him of the risk of freezing if the boat was not winterized soon enough.

It is undisputed that Worrey brought his boat to Maine-ly Marine for winterization during the fall of 2001. The exact date he left his boat at Maine-ly Marine is not revealed by the record but it is undisputed that he picked it up on November 28, 2001, that he received and paid an invoice at that time for $286.45. The invoice was for winterization labor and shrink wrap labor and bore the notation "AFTER FREEZE DATE." Maine-ly Marine SMF ¶¶ 1-2. (admitted). On this record, it appears there may have been some discussion between Worrey and Maine-ly Marine about the notation "AFTER FREEZE DATE," see Worrey SMF ¶ 3, but the content of those discussions has not been set forth. Maine-ly Marine has not offered evidence that it explained the significance of the freeze date to Worrey.

According to Worrey's version of the facts, which the court must accept as true for purposes of summary judgment, Worrey took his boat to Maine-ly Marine for service because he had been led to believe that he needed Maine-ly Marine to do the work in order to maintain his warranty. Worrey states he brought the boat in for winterization in September 2001 and called again in October 2001 but was told in both cases to bring it in later because Maine-ly Marine could not get to it at that time.

---

[2] Worrey is also seeking punitive damages and has alleged that plaintiff Malinowski should be held personally liable for any damages assessed against Maine-ly Marine because, according to Worrey, Malinowski is the alter ego of Maine-ly Marine.

3

Worrey states that he was not advised that a delay in bringing his boat in could result in damage to his engine due to freezing.

Worrey appears to contend that either his engine block froze before Maine-ly Marine accepted his boat for winterization or that Maine-ly Marine improperly winterized his boat. See Defendant's Statement of Material Facts, Additional Facts ¶ 7, citing to Worrey Dep. 105.

### 2. Worrey's Fraud and Negligent Misrepresentation Claims

Construing any disputed facts in the light most favorable to Worrey, Maine-ly Marine is nevertheless entitled to summary judgment on Worrey's fraud and misrepresentation claims. Because the only damage Worrey suffered was damage to his engine, the economic loss doctrine set forth by the Law Court in Oceanside at Pine Point Condominium Owners Assoc. v. Peachtree Doors, Inc., 659 A.2d 267, 270 (Me. 1995), is applicable here. In the court's view, that doctrine is applicable to service contracts, such as the winterization contract in this case, as well as to purchases of allegedly defective goods. See Maine Rubber International v. Environmental Management Group. Inc., 298 F.Supp.2d 133, 136-37 (D.Me. 2004).

Under the economic loss doctrine, where a claimant is complaining about a defective product and the sole damage is to the product itself, the claimant is limited to his remedies for breach of contract and breach of warranty and is not entitled to assert tort claims in addition to contractual claims. In this instance, Worrey has asserted claims for breach of contract, breach of express or implied warranty, and unfair trade

practice violations. His fraud and negligent misrepresentation claims should therefore be dismissed.[3]

### 3. Worrey's Contract and Warranty Claims

Maine-ly Marine also seeks summary judgment on Worrey's contract and breach of warranty claims, contending that those claims are doomed by Worrey's failure to offer expert testimony with respect to causation – whether the damage to his engine was caused by any acts or omissions of Maine-ly Marine. On this issue Maine-ly Marine notes that the expert originally designated by Worrey has dropped out and contends that Worrey cannot cure his need to offer expert testimony by what Maine-ly Marine characterizes as an untimely, belated, and improper attempt to designate Worrey's brother as an expert. Before filing its motion for summary judgment, Maine-ly Marine had filed a motion to exclude an expert testimony to be offered by Worrey's brother. That motion has been opposed by Worrey and remains pending.

In this connection, it is important to separate Maine-ly Marine's summary judgment motion from its motion to exclude expert testimony from Worrey's brother. On Maine-ly Marine's summary judgment motion, Maine-ly Marine did not assert in its statement of material facts either that it did not cause the damage or that Worrey has not offered any admissible evidence of causation. Under Corey v. Norman Hanson & DeTroy, 1999 ME 196 ¶ 9, 742 A.2d 933, 938, a party opposing summary judgment is

---

[3] Those claims may be legally deficient for another reason. Accepting Worrey's version of the facts, he is complaining not about affirmative misrepresentations by Maine-ly Marine but about alleged non-disclosures by Maine-ly Marine, most notably an alleged failure by Maine-ly Marine to advise Worrey that postponing winterization would result in damage to his engine. Where a claimant is not alleging an affirmative false statement but instead relies on an alleged failure to disclose, the claimant must prove either (1) active concealment of the truth or (2) a specific relationship imposing on the defendant an affirmative duty to disclose. E.g., Tobin v. Casco Northern Bank, Inc., 663 A.2d 1, 2 (Me. 1995), cert. denied, 516 U.S. 1127 (1996). In this case Worrey has offered no evidence to create a disputed issue for trial with respect to any active concealment by Maine-ly Marine and he has not offered any evidence that a confidential or fiduciary relationship existed between himself and Maine-ly Marine that would have placed Maine-ly Marine under an affirmative duty to disclose. See Eaton v. Sontag, 387 A.2d 33, 38 (Me. 1979). Nor has Worrey offered evidence that Maine-ly Marine was under any statutory duty of disclosure in this case. See Binette v. Dyer Library Assn., 688 A.2d 898, 903 (Me. 1996).

required to establish a *prima facia* case for every element of its cause of action that has been challenged by the movant, but is not required to establish a *prima facia* case on issues that have not been contested by the movant. Maine-ly Marine's statement of material facts does not contest causation. For purposes of the motion for summary judgment, therefore, Maine-ly Marine's motion to dismiss Worrey's contract and warranty claims must be denied.

That does not resolve the issue of whether Worrey is entitled to offer expert testimony from his brother. The court will schedule a hearing on Maine-ly Marine's motion to exclude. If that motion is granted, the court will consider whether the absence of expert testimony is fatal to Worrey's contract claim.


4.    Unfair Trade Practice Claim

The foregoing ruling means that Worrey's unfair trade practice claim also survives Maine-ly Marine's motion for summary judgment. Even if Worrey is not entitled to proceed on his claims of fraud and negligent misrepresentation, there are currently disputed issues of fact as to whether Maine-ly Marine engaged in unfair or deceptive acts or practices in connection with the winterization services it offered Worrey. Particularly given that a practice may be found to violate the UTPA even when the business in question had no purpose to deceive, See Binette v. Dyer Library Assn., 688 A.2d at 906, Worrey has potentially created an issue of fact for trial on the issue of whether Maine-ly Marine's alleged postponements of his winterization and subsequence acceptance of payment for winterization "after freeze date" violated the UTPA.

The court is unclear, however, whether Worrey is contending that his engine was damaged by freezing before winterization or whether he is arguing that the Maine-ly

6

Marine failed to competently perform winterization. If he is pursuing the latter argument, then the court would have difficulty discerning how he has stated an unfair trade practice claim for trial. Merely breaching a contract to provide competent service does not constitute an unfair or deceptive trade practice. Moreover, if Worrey is barred from presenting his brother's expert testimony, this may affect his UTPA claim as well. These issues can be explored at the hearing on Maine-ly Marine's motion to exclude.

### 5. Punitive Damages Claim

The dismissal of Worrey's tort claims necessitates the dismissal of his claim for punitive damages. Punitive damages are not recoverable on contract claims. See Drinkwater v. Patten Realty Corp., 563 A.2d 772, 777 (Me. 1989) ("no matter how egregious the breach, punitive damages are unavailable under Maine law for breach of contract"). Moreover, punitive damages are not among the statutory remedies available under the UTPA. See 5 M.R.S.A. § 213(1) (authorizing suit for actual damages, restitution, and other equitable relief).

Even if punitive damages were otherwise available, there is a substantial question of whether Worrey has demonstrated the existence of any disputed issues for trial on whether Maine-ly Marine acted with actual malice or engaged in such outrageous conduct that malice should be implied. See Tuttle v. Raymond, 494 A.2d 1353, 1361 (Me. 1985). The Law Court has found that summary judgment may appropriately be granted dismissing punitive damages claims where the evidence proffered by a claimant does not raise a disputed issue for trial on the issue of malice or outrageousness. Gayer v. Bath Iron Works Corp., 687 A.2d 617, 622 (Me. 1996).[4]

---

[4] Worrey argues in his brief that he has offered evidence of malice. See Worrey's Memorandum of Law Opposing Summary Judgment, filed December 6, 2005 at 7, citing to Worrey Deposition at 80, 84, 86, 103.

Similarly, even in a case where the facts must be construed in the light most favorable to a plaintiff, it has found that fraudulent conduct that may be worthy of condemnation does not rise to the level of outrageousness justifying punitive damages. Boivin v. Jones & Vining, Inc., 578 A.2d 187, 189 (Me. 1990).

6. Unjust Enrichment

Maine-ly Marine is entitled to summary judgment on Worrey's claim of unjust enrichment because it is undisputed that there was a contractual relationship in this case, and the existence of a contractual relationship precludes recovery on an unjust enrichment theory. Nadeau v. Pitman, 1999 ME 104 ¶ 14, 731 A.2d 863, 867.

The entry shall be:

Summary judgment is granted in favor of plaintiff and against defendant on Count III (unjust enrichment), Count IV (fraud), Count V (negligent and/or intentional misrepresentation), and Count VII (punitive damages) of the defendant's counterclaim. In all other respects plaintiff's motion for summary judgment is denied. The clerk shall schedule a hearing on plaintiff's motion to exclude expert testimony from defendant's brother.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

First, the evidence offered is largely if not entirely hearsay. See Worrey Dep. 85-86. Second, although he has cited to pages 80, 84, 86, and 103 of his deposition in his brief, Worrey did not cite to those pages in his statement of material facts. The Law Court has made clear that the only portions of the record that the court can consider on a motion for summary judgment are the portions cited in a statement of material facts submitted pursuant to Rule 56(h). See, e.g., Handy Boat Service, Inc. v. Professional Services, Inc., 1998 ME 134 ¶ 16, 711 A.2d 1306, 1310 (in ruling on motion for summary judgment, court is to consider "only the portions of the record referred to" in the statements of material facts) (emphasis in original); Levine v. R.B.K. Caly Corp., 2001 ME 77 ¶ 9, 770 A.2d 653, 656. Accordingly, the court cannot consider pages 80, 84, 86 or 103 of Worrey's deposition in ruling on the instant motion.

DATED:     April _10_ , 2006.

                              _____
                              Thomas D. Warren
                              Justice, Superior Court

9

CLERK OF COURTS
Cumberland County
P.O. Box 287
rtland, Maine 04112-0287

THOMAS CONNOLLY, ESQ.
PO BOX 7563
PORTLAND, ME 04112



RK OF COURTS
nberland County
P.O. Box 287
J, Maine 04112-0287

CAROL EISENBERG, ESQ.
PO BOX 9545
PORTLAND, ME 04112-9545

